**EVEGAN et, Plaintiffs-Appellees, v. CINCINNATI STREET RAILWAY CO., Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6998. Decided October 25, 1948.

Joseph Schwartz, Sol. Goodman, Cincinnati, for plaintiffs-appellees.

John M. McCaslin, Cincinnati, for defendant-appellant.

## OPINION

By ROSS, J.:

This is an appeal upon questions of law from a judgment of the court of common pleas of Hamilton County, overruling a motion for judgment in favor of the defendant, notwithstanding the disagreement of the jury. Motion for a directed verdict and judgment for defendant was also made at the conclusion of all the evidence and overruled by the Court.

The sole question thus presented is whether the defendant was entitled to a judgment upon the evidence as a matter of law.

It is the contention of the defendant-appellant that the evidence in the case permits reasonable minds to draw only one conclusion and that is, that the sole cause of the death of plaintiff's decedent was her own negligence.

This requires a review of all of the evidence presented to the trial court.

A review of this evidence sustains the position of the defendant-appellant. It would serve no purpose to encumber this opinion with the details of the record.

It will be sufficient to say that it clearly appears from the record that the street car of the defendant was being operated in a perfectly lawful manner, proceeding southwardly on Linn Street, that the plaintiff's decedent attempted to run in front of the street car, evidently hoping to reach a position where she could board the car. It is also evident that the operator of the street car was taken by surprise when she ran in front of the car and did everything possible to avoid striking the decedent.

The moving street car must have been perfectly apparent to the decedent. The only conclusion possible is that she ran in front of it and misjudged its speed or her ability to pass in front of it.

The inescapable conclusion is that the negligence of the decedent was the proximate cause of her death.

While ordinarily the question of whether negligence is the proximate cause of injury is a factual question for a jury's determination, when the relation of such negligence to injury is so apparent that reasonable minds must admit the proximate effect of the negligence as only capable of one result, and that, such injury, a question of law only is presented requiring an adjudication by the court of responsibility upon the party so shown to be negligent. If such were not the case, no court, either trial or appellate, would be justified in ever rendering judgment where the question of the proximate result of the negligence of either party was involved.

The courts of this state have consistently exercised this power inherent in them when confronted with evidence requiring such legal conclusion. **Buell, Admx., v. New York Central Rd. Co., 114 Oh St, 40; Paddock v. Ripley, et al., 149 Oh St, 539; C. C. C. & St. L. Ry. Co. v Lee, 111 Oh St, 391.**

A statement in the opinion of **N. Y. Central Rd. Co. v. Stevens, 126 Oh St, 395, at page 408** is significant:

"It is apparent that he left a place of safety and stepped into the zone of danger. We cannot escape the conclusion that this action on the part of Stevens constituted negligence which proximately contributed to his injury and prevents his recovery. These facts, as shown by the plaintiff's own testimony as to how the accident happened, will warrant no inference, in our judgment, that the plaintiff at the time of the injury was exercising due care for his own safety.

"The court of common pleas should have directed a verdict for the railroad company, and the Court of Appeals should have so ordered."

Again, in **Masters v. N. Y. Central Rd. Co., 147 Oh St, 293, 303,** the Supreme Court sustained the right of a court to determine the existence of proximate cause as a matter of law.

In the instant case the decedent dashed in front of a street car, which she must have seen approaching her so rapidly that her body was tossed a number of feet after impact. No factual issue for the consideration of a jury is pre-

sented under such circumstances and a court must be forced to find both negligence and proximate cause as a matter of law.

The motion of the defendant for a directed verdict, made at the conclusion of all the evidence, should have been sustained, and the trial court should have rendered judgment as requested by the defendant, and its judgment must be reversed.

Some contention is made that the operator of the street car was guilty of a failure to exercise due care in its operation. Where, however, all the evidence produced at the trial by the parties presents no factual issue as to negligence of the plaintiffs' decedent and requires the legal conclusion that her negligence was the proximate cause of her death, or even a proximate cause of such death, the negligence of the defendant becomes an immaterial ·issue, since any negligence of the decedent which proximately contributes to her death prevents recovery by the plaintiffs, and requires an instructed verdict for the defendant.

"Where a Court of Appeals reverses the trial court on the ground that the proof fails to show actionable negligence on the part of defendant, it becomes the duty of the Court of Appeals to render final judgment for the defendant. (**Greyhound Lines, Inc., v. Martin, 127 Oh St, 499,** approved and followed.)

"When a Court of Appeals reverses a judgment of the trial court, for the assigned reason that the trial court erred in not sustaining the motion of defendant for a directed verdict, made at the close of all the evidence. it becomes the duty of the Court of Appeals to render the judgment which the trial court should have rendered and not to remand the cause to the trial court for further proceedings. (**Majoros v. Cleveland Interurban Rd. Co, 127 Oh St, 255,** approved and followed.) (**Leighton v. Hower Corporation, 149 Oh St, 72,** paragraphs 2 & 3, syllabus.)"

Judgment is here entered for the defendant.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.