## RUBIN, Plaintiff-Appellee, v. WASSER, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2129.   Decided December 15, 1950.

William T. Pollak, Francis S. McDaniel, Dayton, for plaintiff-appellee.

Pickrel, Schaeffer & Ebeling, Dayton, for defendant-appellant.

## OPINION

By MILLER, PJ:

This matter comes before this Court on appeal from the judgment of the Common Pleas Court affirming that of the Municipal Court of Dayton, Ohio. The action was one for damages arising out of a collision between two automobiles at a street intersection. At the close of the plaintiff's case and again at the conclusion of all of the testimony the defendant moved for a directed verdict for the reason that the plaintiff was guilty of contributory negligence as a matter of law. These motions were both overruled as well as the one filed later for a judgment notwithstanding the verdict. The pertinent testimony on the question presented is that of the plaintiff who was approaching the intersection from left of the defendant. In other words, the defendant was approaching the intersection from the plaintiff's right and would therefore have had the right of way providing he was approaching it in a lawful manner. The testimony of the plaintiff reveals that he came to the intersection and stopped; that he looked to his right and observed the defendant approaching at a speed of from forty to fifty miles per hour; that at this time the defendant's automobile was approximately 100 to 150 feet from the intersection; that he then shifted his car into low gear, and entered the intersection at approximately five miles per hour; that he had his car under control and could have stopped in approximately three or four feet; that he observed the defendant approaching all of this time; that he made no effort to stop his own car as he thought he could get safely across the intersection; that when the front one-half of his car had cleared the same the defendant's bumper struck the right rear panel of his truck causing the injuries complained of. The plaintiff's testimony is clear that he recognized the speed of the defendant's car when he first observed it and continued to observe it bearing down on him at the speed of 40 to 50 miles per hour as he was crossing the intersection. On further examination by the Court he also said that he arrived at the defendant's speed by the skid marks which of course were determined after the collision, but even after making this statement he renewed his prior statement that he determined the speed of the defendant's car when he first saw it approaching the intersection.

The question presented is whether or not the plaintiff was guilty of contributory negligence as a matter of law which contributed directly to the injuries he received. From the plaintiff's testimony it is apparent that the defendant was not approaching the intersection in a lawful manner; therefore he lost the preference given to him by §6307-40 GC. This relegated to each of the parties the common law duty to exercise ordinary care for his own safety.

It is our conclusion that the plaintiff did nothing to avoid the collision after he observed the defendant bearing down on him at a high rate of speed. It would appear that for his own safety he should have done either of the following: (1) Stopped his car and permitted the defendant to proceed; or (2) accelerated the speed of his car and thereby crossed ahead of the defendant.

In the case of **Kellar v. Miller, 67 Oh Ap 361,** this Court held that failure to look effectively to the right would be such contributory negligence as to warrant an instructed verdict. In the case at bar the plaintiff looked effectively but did not act effectively in that he failed to exercise ordinary care for his own safety. He did absolutely nothing to avoid the collision. He merely proceeded across the intersection at a speed of five miles per hour. Looking without acting is of no consequence; hence the mere fact that the plaintiff looked does not negative his own negligence.

In the case of **Willard v. Fast, 75 Oh Ap 225,** the Court held that the plaintiff was guilty of contributory negligence even though he looked to his right when he was 100 to 125 feet from the intersection, but failed to look again before entering the same and upon the path of an approaching automobile. At page 231 of the Fast case, supra, Judge Sherick says:

"Plaintiff contends that the law does not prescribe the distance within which one must look in order that such looking may be termed effective. However, if this be true, we now hold in a situation of this kind that such looking ought to be within such a distance that an unfavored driver may safely bring this vehicle to a stop before entering the path of an oncoming car approaching from his right. We believe that such a rule is consonant with the purpose of the statutory intersection rules and the servient driver's own safety.

Again reverting to Morris v. Bloomgren, supra, 154, it is stated therein that:

'Ordinarily the operator of a vehicle is able to ascertain before he reaches the intersection whether another vehicle is approaching from his right; but, in any event, after enter-

ing the intersection he has a further leeway of some distance between the point of entering the intersection and its center for ascertaining such approach before he drives into the path of the vehicle possessing the right of way.'

"That conclusion ought to be equally true, even if the unfavored driver then learns for the first time that the one on his right is approaching in an unlawful manner. To our notion any other rule would promote insecurity at intersections.

"It follows, irrespective of defendant's negligence or lack of proof thereof, that plaintiff, by his own testimony, failed to exercise due care, that is ordinary care, for his own safety, and that such negligence forbids him relief."

In the case of **Schaefer v. The Cincinnati Street Ry. Co., 75 Oh Ap 288, syllabi 1** and **2** provide:

"1. Where a driver of an automobile stops before entering a street intersection, looks to the right, sees a trolley bus approaching about 400 feet away, but does not know its speed, then proceeds into the intersection a distance of 40 feet into the path of the trolley bus, without again looking and without listening, no case is presented for submission to the jury for damages to such driver resulting from the collision between the vehicles that occurred at the intersection of their paths.

"2. If evidence does not furnish a reasonable basis upon which it can be inferred that the collision probably resulted through defendant's negligence without any contributory negligence, the defendant's motion for an instructed verdict is properly sustained."

In the case of **Edegan v. Cincinnati Street Railway Company, 54 Abs 124,** the facts disclose that the plaintiff ran across the street in front of a street car which struck her, causing the injuries. The lower court overruled the motion for a directed verdict but the Court of Appeals for Hamilton County held:

"Where it appears from the evidence that the decedent ran across the street, directly into the path of a rapidly moving streetcar, which, if she used her faculties, she must have seen, ·and is struck by such car and her body hurled a considerable distance, a court is compelled to find that the decedent was guilty of negligence, and that such negligence was the proximate cause of her death."

At page 127 the Court said:

"Some contention is made that the operator of the streetcar was guilty of a failure to exercise due care in its operation. Where, however, all the evidence produced at the trial

by the parties presents no factual issue as to negligence of the plaintiff's decedent, and requires the legal conclusion that her negligence was the proximate cause of her death, or even a proximate cause of such death, the negligence of the defendant becomes an immaterial issue, since any negligence of the decedent which proximately contributes to her death prevents recovery by the plaintiff, and requires an instructed verdict for the defendant."

The case of **Williams v. Judd, 23 Abs 450,** decided by the First District Court of Appeals, appears to be on all fours with the case at bar. Here the plaintiff was crossing from the left and was struck by the car approaching from the right. On page 454 the Court says:

"However, assuming that there is substantial evidence of defendant's negligence and that it had a direct causal relation to the collision, the appellee's position is not improved because it clearly appears from his own testimony that his negligence directly contributed to the collision. Before he entered the intersection, he saw the automobile approaching on his right. At that time, it was less than 200 feet away, probably no more than 150 feet away. Knowing this, he proceeded into the intersection and into the path it would travel and along which it was approaching. Attributing to the appellant the highest speed the evidence suggests—45 miles an hour—the appellee could have avoided this collision by stopping or changing his speed before entering the appellant's path. He failed to do anything toward avoiding this collision at the time and place when circumspection and care would have availed. Such failure clearly constitutes a breach of his statutory duty and his common law duty to exercise reasonable care and was such contributory negligence as precluded a recovery."

See also **Winkler v. City of Columbus, 149 Oh St 39; New York Central Railroad Company v. Stevens, 126 Oh St 395.**

For the foregoing reasons it is our opinion that the trial court erred in overruling the defendant's various motions for a directed verdict, for a judgment notwithstanding the verdict, and also in overruling the motion for a new trial. The judgment of the Common Pleas Court and the Municipal Court is reversed, the petition is dismissed and final judgment is entered for the defendant.

HORNBECK and WISEMAN, JJ, concur.