566

MOSS AND EMMCO INSURANCE COMPANY, etc., Plaintiffs-Appellees, v. LORDIER, Defendant-Appellant.
LORDIER, Plaintiff-Appellant, v. MOSS, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

Nos. 4675, 4676.  Decided October 2, 1952.

Wiles & Doucher, Jack R. Alton, of Counsel, Columbus, for plaintiffs-appellees, Oradie Moss and Emmco Insurance Company, and for defendant-appellee, Lena Mae Moss.

Harry B. Schaeffer and Frederick L. Orum, Columbus, for defendant-appellant and plaintiff-appellant, Raymond E. Lordier.

**OPINION**

By HORNBECK, PJ.

In case No. 4675 the plaintiffs were Oradie Moss and the Insurance Company which, by reason of being the insurer on a policy of insurance on the automobile of plaintiff, Oradie Moss, had paid a claim growing out of the collision upon which the cause of action was predicated, had been subrogated to the rights of the plaintiff, Moss, to the extent that it had made payment to him.

The collision upon which both actions were predicated occurred on

November 25, 1949, at the intersection of Buckingham Street and Jefferson Avenue, Columbus. The wife of plaintiff, Moss, was driving his automobile in an easterly direction on Buckingham Street. Lordier was driving his car in a southerly direction on Jefferson Avenue. The negligence charged in Case No. 4675 in which the owner of the car was plaintiff, was failure to yield the right-of-way; to keep a motor vehicle under control; to keep a lookout for motor vehicles moving in an easterly direction on Buckingham Street and in particular, the motor vehicle of Oradie Moss and in entering the intersection without stopping as required by law. The answer was substantially a general denial of any negligence and a denial of damages to the extent claimed by plaintiff.

Case No. 4686 was an action for damages by Lordier against Lena Mae Moss, the driver of the Moss car. The negligence charged against the defendant in this case was failure to exercise ordinary care; to keep the automobile in proper control; to divert its course to avoid striking the plaintiff's automobile and failure to reduce speed upon entering the intersection.

The cases were submitted to a Municipal Judge without a jury who found for the plaintiffs in Case No. 4675 and for the defendant, Lena Mae Moss, in Case No. 4676.

The errors assigned are that the findings and judgments are against the manifest weight of the evidence; that they should have been for Lordier in both cases; that they are contrary to law.

Appellant relies in this Court particulary upon two propositions: First, that in Case No. 4675 the plaintiffs offered no proof that the expenditures for repairs for the Moss automobile following the collision set out in the petition were incurred by reason of the collision. It is stipulated that the total sum expended by the plaintiff was $554.81 for repairs made to the car, but it is insisted that there is no showing that the repairs that were made were necessitated by the collision upon which plaintiff's cause of action. is predicated. It is manifest that such proof is essential to plaintiff's recovery.

During the progress of the trial the parties made a stipulation, parts of which follow:

"Plaintiff, Oradie Moss, was, on the 25th day of November, 1949, the registered title owner of a 1946 Buick sedan and that on said date he carried a policy of insurance, $100 deductible collision insurance with the Emmco Insurance Company. **And by reason of an accident with the defendant and by reason of its policy,** the Emmco Insurance Company paid Oradie Moss four hundred and fifty-four dollars, eighty-one cents, and in return for said payment took a subrogation agreement, subrogating the rights of Oradie Moss to the plaintiff insurance company to that extent."

It is further stipulated and agreed that Oradie Moss

"retained a one hundred dollar interest in the claim which he paid on the bill. And it is **further stipulated that the reasonable cost of the repairs of the vehicle was five hundred and fifty-four dollars and eighty-one cents.**" (Emphasis ours.)

We believe that this stipulation, as emphasized and read in its entirety, is sufficient to permit the finding that the insurance was paid upon the collision which is the basis of plaintiffs' suit and that the expenditures were for repairs made as a result of that collision.

The next contention of the appellant is that although the driver of the Moss car would normally have the right-of-way as she entered and crossed the intersection of Buckingham Street and Jefferson Avenue it lost that preferential right because not approaching in a lawful manner.

There is a separate findings of fact in this case. Thus every reasonable intendment must be indulged to support the findings of the trial judge essential to the judgment. So reading this record, we cannot say that the trial court erred in finding against the contention of the defendant, Lordier, on this phase of the case.

There was a sharp conflict in the testimony. The plaintiff's driver insisted that in view of the close proximity of the place on Buckingham where defendant's automobile entered this street and the speed with which he was moving when her car was struck, it was evident that he did not stop at the intersection. To the contrary, defendant and his wife both testified that he did so stop. He also says that he saw plaintiff's car approaching at a distance of 250 or 300 feet from the intersection. He states that his car was struck by plaintiff's car on the right side in the front thereof. Plaintiff's driver testifies that defendant's car struck her car on the front left side opposite her as she had gotten beyond the center line of Jefferson Avenue over which she was passing. She says that she did not see defendant's car until about the time that she was struck and defendant states that although he saw plaintiff's car at the distance heretofore stated, he did not again see it until about the time he collided.

The trial judge had to reconcile all of these conflicting statements. Manifestly, someone was testifying erroneously as to speed and physical conditions prior to and at the time of the collision. The Court must have concluded that there was insufficient proof to require the conclusion that plaintiff's driver lost her right-of-way. We cannot hold that the record will not support such conclusion. In our judgment, the trial Court did not misinterpret the case of **Morris v. Bloomgren, 127 Oh St 147**, and particularly the **5th syl.** thereof.

The appellees have support for the holding of the trial judge in the cases which they cite. **Willard v. Fast, 75 Oh Ap 225. 1st Syl,** and **Rubin v. Wasser, No. 2129, Franklin, 61 Abs 76.**

We find no error assigned in Case No. 4675 established and it follows that there was no error in the judgment in Case No. 4676 against the plaintiff, Lordier.

The judgments must be affirmed.

WISEMAN and MILLER, JJ, concur.