Jones, J.
 

 When the Court of Appeals reversed the trial court for failure to direct a verdict in favor of
 
 *258
 
 the defendant below, as indicated in its journal entry, it became the duty of the reviewing court to render the judgment that the trial court should have rendered. It should have rendered final judgment instead of remanding the cause to the trial court for further proceedings. Such procedure is authorized by Section 12272, General Code, and is the procedure usually followed by the reviewing courts, including our own. A case exactly similar to this is
 
 Metzger Seed & Oil Co.
 
 v.
 
 Berg,
 
 84 Ohio St., 485, 95 N. E., 1152. Such judgment of the Court of Appeals is of course reviewable by the Supreme Court.
 
 Jacob Lamb Baking Co.
 
 v.
 
 Middleton,
 
 118 Ohio St., 106, 160 N. E., 629. It is not entirely clear why the appellate court held that a verdict should have been rendered for the defendant below in the trial court, but its judgment could not have been based upon controversial issues which were in serious dispute. We are all of opinion that the facts testified to by plaintiff’s witnesses at the trial, reflecting upon the issues whether the shelter house was securely anchored against violent storms, whether on this occasion the storm was of such unusual magnitude as to constitute a
 
 vis major,
 
 such as could not have been reasonably anticipated, and whether the injuries sustained resulted from the toppling of the shelter house, were in dispute; the evidence pertaining thereto being such that different minds could reasonably arrive at different conclusions therefrom.
 
 Jacob Laub Baking Co.
 
 v.
 
 Middleton, supra.
 
 It is therefore apparent that the reversal by the appellate court must have been based upon a question of law applied to, and arising from, conceded or proven facts. The crucial point in this controversy is whether the boy, occupying the shelter house premises as a potential passenger intending to board a car of the defendant, can claim that there was a duty owing him by the railroad company to provide a reasonably safe shelter house, although at the time the elements had driven him into
 
 *259
 
 the rear thereof for self-protection against the storm and rain. Upon that phase counsel for the defendant aslced that the following instruction be given the jury before argument: “If you find that plaintiff left the house provided for shelter by the defendant and went beyond and outside of it to avoid the rain, he therefore ceased to be a passenger and is not entitled to your verdict.” The court refused to give it, but gave the following instruction in its general charge: “If he [plaintiff] went into the shed for the purpose of being carried to his home or towards his home, of becoming a passenger, then during the time that he was in the station and while he was waiting for the car he was in fact and in law a passenger. ’ ’
 

 The basis of the claim made by counsel for the defendant below seems to be that, if the boy were intending to board the car as a prospective passenger, when he left the front of the shelter house, and went behind it, he thereby abandoned his status as such, and the company owed him no duty to protect him. We think that claim is untenable. The structure was built and maintained for the purpose of shelter for the company’s patrons. On this occasion its lee appeared to afford a much better shelter than did its open front. Whether the plaintiff suffered injury while seeking protection from the storm, or had been injured in its immediate vicinity while approaching the shelter house for the purpose of becoming a passenger, in either event the obligation would be similar, and a duty would be owing to him by the defendant company to exercise ordinary care in the construction and maintenance of the shelter house; upon that feature the court did not charge that the defendant was required to use the highest degree of care, but that it was required to exercise reasonable care in the maintenance of the structure in a reasonably safe condition.
 

 We do not find, nor did the Court of Appeals find,
 
 *260
 
 that there was any error in the charge of the court. One of the principal errors urged here is that the trial court erred in giving special instruction No. 3, requested by the plaintiff, relating to the question whether the storm was such as to constitute a
 
 vis major.
 
 We find no error in that instruction, since it embodied substantially the instruction given by the trial court, and approved by this court, in the case of
 
 City of Piqua
 
 v. Morris, 98 Ohio St., 42, 47, 120 N. E., 300, 7 A. L. R., 129. Since there was substantial evidence offered by the plaintiff tending to show negligence on the part of the company in failing to use proper care in constructing and maintaining the shelter house, we are of opinion that the duty so to do inured to the benefit of the plaintiff as a prospective passenger, although he sought the lee of the structure for protection, and that the trial court did not err in refusing to sustain the motion of the defendant for a directed verdict in its favor. In holding that the trial court should have sustained that motion, the Court of Appeals erred.
 

 For the reason stated, we therefore reverse the judgment of the Court of Appeals and affirm the judgment of the trial court.
 

 Judgment reversed.
 

 Weygandt, C. J., Allen, Stephenson, Matthias. Bevis and Zimmerman, JJ., concur.