Jones, J.
 

 Since the Court of Appeals reversed the trial court because the proof failed to show actionable negligence on the part of the defendant below, it became its obvious and legal duty not to remand the case, but to render final judgment for the defendant. It should have rendered the judgment which the trial court should have rendered by sustaining the motions of the defendant below for a directed verdict in its favor. This procedure was unanimously approved by this court in the first proposition of the syllabus in
 
 Majoros
 
 v.
 
 Cleveland Interurban Rd. Co., ante,
 
 255, 187 N. E., 857. Had the appellate court been apprised of this decision, no doubt it would have followed the course there indicated and rendered final judgment instead of ordering the remand.
 

 The plaintiff in error is now seeking, not only a reversal of the remand order of the appellate court, but
 
 *501
 
 a final judgment in this court. We have repeatedly decided that this court is fully empowered to render the judgment which the courts below should have rendered. In order to determine whether such final judgment should be entered in this court, it becomes necessary to ascertain from the record whether the plaintiff in error is entitled to such judgment under the conceded or controlling facts which are not in substantial dispute; or, stated in another form, whether the trial court, having found there was a failure of proof of actionable negligence, should have sustained the motions for a directed verdict.
 

 The case for the plaintiff, touching the issue of negligence, was based upon evidence given by herself and her divorced husband. On Decoration Day, 1931, plaintiff entered a ticket station operated by the defendant for the purpose of purchasing a ticket. As she entered the front door, a porter was engaged in cleaning up the linoleum floor. In the cleaning operation he used a mop and a bucket of water, in which powdered Gold Dust was dissolved. As plaintiff proceeded along the station room, she saw the porter and observed that the floor had been only partially cleaned. His method of cleaning was to mop the floor by sections, using the mop first to dampen and then to wipe dry the sections of the cleaned floor. In proceeding to the ticket office, the plaintiff stepped over a section of the linoleum which was wet and unmopped, and onto a section cleaned and wiped by the porter. She testified that the place she stepped upon “seemed as if it was kind of dry.” Both witnesses testified that she stepped over the uncleaned section of the floor and upon a section which the porter had wiped and cleaned.
 

 The gravamen of the action was negligence in not removing the soap from the floor, and in failing to warn plaintiff of its soapy condition. There is no testimony in this record even tending to show that the cleaned space, upon which plaintiff stepped and fell,
 
 *502
 
 contained any soapy material. No witness supports that allegation of the petition. The plaintiff’s whole case seems to rest upon an inference of negligence arising from the fact that the mark of a slipping shoe heel was found where she fell; but whether her slipping was caused by any negligent act of the defendant is purely speculative. And as to the lack of warning which the petition charges as an act of negligence, the evidence discloses that the plaintiff saw the porter, and had full knowledge, not only of the condition of the floor with its attendant risks, but of the fact that the porter was then engaged in cleaning it, a duty which was owing by defendant to its patrons. One cannot complain of the lack of warning of conditions involving danger to himself when he has as full knowledge of such conditions as if he had been apprised of them. It is clear that the plaintiff assumed the risks which were plainly evident to her. The facts presented in the instant case are very similar to those presented in
 
 Curtiss
 
 v.
 
 Lehigh Valley Rd. Co.,
 
 233 N. Y., 554, 135 N. E., 915, where recovery was denied.
 

 Some reliance is placed upon the case of
 
 Union News Co.
 
 v.
 
 Freeborn,
 
 111 Ohio St., 105,144 N. E., 595, where this court sustained a judgment secured by a patron of a restaurant. The
 
 per curiam
 
 in that case discloses that soapy water left on the floor of the restaurant had caused the fall of the plaintiff. It appears that the plaintiff had passed over the restaurant floor for the purpose of securing her suitcase; that, while absent upon that errand, and before her return over the same route, a workman had placed soapy water upon the floor. It was this particular feature and the lack of warning of the floor’s changed condition that this court stressed in permitting recovery. Quoting from the
 
 per curiam:
 
 “evidence in the record supports the claim that the dangerous condition described was a new danger, and was created between the time plaintiff crossed the floor and her return, recrossing. the floor of the
 
 *503
 
 restaurant at the same place. The claim asserted and supported by evidence was therefore one of active negligence on the part of defendant in placing before the plaintiff a new situation of danger, of which she had no knowledge and of which no attempt was made to apprise her.”
 

 Since the plaintiff failed to prove the allegation in her petition that the soap had not been removed at the point where she stepped, and since she obviously needed no warning of facts which she already knew, it is manifest that the trial court should have sustained the motions for a directed verdict, and that the appellate court, instead of remanding the case for further proceedings, should have rendered final judgment in favor of the defendant below.
 

 Proceeding to render the judgment which the Court of. Appeals should have rendered, the judgment of remand will be reversed, and final judgment will be entered in this court in favor of the plaintiff in error.
 

 Judgment reversed and final judgment for plaintiff in error,
 

 Weygandt, C. J., Allen, Stephenson, Matthias, Bevis and Zimmerman, JJ., concur.