Turner, J.
 

 The instant case was certified to this court under the following entry of the Court of Appeals for Summit county:
 

 “This court finding its judgment herein in conflict with the judgment in the case of
 
 Trame
 
 v.
 
 Orpheum
 
 
 *75
 

 Theatre Co.
 
 decided by the Court of Appeals of the First District and reported in 60 Ohio App. at page 323, this cause hereby is certified to the Supreme Court of Ohio for review and final determination.”
 

 In-the case of
 
 Flury
 
 v.
 
 Central Publishing House of Reformed Church in The United States,
 
 118 Ohio St., 154, 160 N. E., 679, it was held in paragraph one of the syllabus:
 

 “By Section 6 of Article IV of the Constitution of Ohio, a Court of Appeals has jurisdiction to find whether its determination of a legal question in a case properly before it is in conflict with the judgment of another Court of Appeals determining the same legal question in a case properly before it. The finding of such court that such conflict exists is conclusive upon this court for the purpose of fixing the jurisdiction of this court to review the case and determine the legal question involved.”
 

 It is insisted by the appellant (plaintiff) that when this court overruled a motion to certify the
 
 Trame case
 
 it thereby declared the lower court’s holding in the case to be the law of Ohio.' Such is not the case. In paragraph two of the syllabus in the case of
 
 Swetland Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 139 Ohio St., 6, 37 N. E. (2d), 601, it was held:
 

 ' “When this court overrules a motion to certify a record, no precedent for the decision of later cases by this court is thereby established.”
 

 Furthermore, there is an important distinction between the instant case and the
 
 Trame case.
 
 In the majority opinion in the
 
 Trame case
 
 the Court of Appeals held that the trial court committed no error in charging the jury that a violation of Section 12600-35, General Code, was negligence as a matter of law.
 

 Section 12600-35, General Code, is not involved in the instant case.
 

 
 *76
 
 The material part of the journal entry of the Court of Appeals in the instant case reads as follows:
 

 “* * * Upon consideration whereof the court finds-that in the record and proceedings aforesaid, there-is error manifest upon the face of the record to the-prejudice of appellant The. Hower Corporation, „ in this, to wit:
 

 “(1) The verdict of the jury is manifestly against the weight of the evidence and is contrary to law.
 

 “(2) The trial court erred in failing to sustain the-motion of the defendant The Hower Corporation for judgment in its favor at the conclusion of plaintiff’s-evidence; in failing to sustain the motion of the defendant The Hower Corporation for judgment in its-favor at the conclusion of all the evidence; in failing to grant the motion of defendant The Hower Corporation for judgment in its favor notwithstanding the-verdict; and ih failing to enter judgment for said defendant The Hower Corporation.
 

 “It is therefore considered, ordered and adjudged by this court that the judgment and proceedings of' said Court of Common Pleas in favor of said appellee, Thelma Leighton, and against said appellant, TheHower Corporation, be, and the same hereby are, set aside, reversed and held for naught, and that said appellant The Hower Corporation be restored to all things which it has lost by occasion of sáid judgment.
 

 “And this court coming now to render such judgment as the said Court of Common Pleas of Summit county should have rendered, hereby considers, orders^ and adjudges that said appellant, The Hower Corporation, go hence without day and recover from appellee, Thelma Leighton, its costs herein expended.. * * * »>
 

 Section 12223-31, General Code, provides:
 

 “In a civil case or proceedings, except when its-jurisdiction is original, and except as provided by
 
 *77
 
 Section 11364 of the General Code, the Supreme Court shall not be required to determine as to the weight of the evidence.”
 

 Bule XIX of the Buies of Practice of this court provides :
 

 “In all cases in which the judgment of the Court of Appeals reversing the judgment of the Court of Common Pleas, is wholly or partly on the ground that such judgment is not sustained by sufficient evidence, and an appeal is filed in this court upon the record of the Court of Appeals, a motion to affirm such judgment forthwith shall be entertained.”
 

 Ordinarily where a Court of Appeals reverses on the weight of the evidence, such court remands the case to the trial court. However, the Court of Appeals rendered final judgment in the instant case. This causes us to make a further examination before
 
 sua sponte
 
 entertaining a motion to affirm the judgment of the Court of Appeals.
 

 In the case of
 
 Greyhound Lines, Inc.,
 
 v.
 
 Martin,
 
 127 Ohio St., 499, 189 N. E., 244, this court held in paragraph one of the syllabus:
 

 “Where the Court of Appeals specifies in its journal entry that it reverses the trial court on the ground that the proof fails to show actionable negligence on the part of the defendant, it becomes the duty of the Court of Appeals, not to remand the cause to the trial court for further proceedings, but to render final judgment for such defendant.
 
 (Majoros
 
 v.
 
 Cleveland Interurban Rd. Co., ante,
 
 255, first proposition of syllabus, approved and followed.)”
 

 In the course of the
 
 per curiam
 
 opinion of the Court of Appeals in the instant case, it is said:
 

 “We proceed now to state and rule upon the assignments of error:
 

 “1. The court erred in overruling the motion of defendant, at the close of plaintiff’s evidence, for a
 
 *78
 
 directed verdict in favor of defendant, upon the following grounds: (a) Plaintiff’s evidence did not indicate any negligence on the part of defendant proximately causing or proximately contributing, to the occurrence and any injuries which she sustained in consequence thereof; (b) Plaintiff’s own evidence raised a presumption of negligence on her part proximately contributing to her own injuries, and offered no evidence to counterbalance said presumption.
 

 “Under (a) above the members of this court are unanimously of the opinion that the verdict of the jury, insofar as it found that negligence of the appellant [defendant] proximately caused the injuries to the appellee [plaintiff], is manifestly against the weight of the evidence.”
 

 If the Court of Appeals had found that there was no evidence of defendant’s negligence we would be required to examine the record to ascertain whether such ruling was correct. However, we do not determine the weight of the evidence.
 

 In respect of (b) of the above assignment of error, the Court of Appeals said:
 

 ■ “* * * this court is of the opinion that reasonable minds can conclude only that the appellee [plaintiff] was guilty of negligence which proximately caused her own injuries. She fell upon the very step which she had just previously stepped over and her statement that she was ‘temporarily oblivious’ of its existence, under the circumstances shown here to exist, does not excuse in law her negligent conduct,, without which she could not have been injured.”
 

 The foregoing statement does not refer to contributory negligence but to sole negligence of the plaintiff. If negligence on the part of both parties had been shown it would have been the duty of plaintiff to have dispelled the inference of her own negligence, which .she did not do.
 

 
 *79
 
 A witness offered by plaintiff in chief testified on cross-examination that when he offered to help plaintiff to the hospital she said, “My, you’re awful nice to me, it really wasn’t the store’s fault, it was my own fault that I fell.” This was denied by plaintiff when she took the stand. Another witness testified that she asked plaintiff if she did not notice the step and that plaintiff said she was “in a hurry.”
 

 Plaintiff testified that she had a three o’clock appointment with a Dr. Miller whose office was a short distance from defendant’s store. She further testified that she started out .of the rest room at twenty-five minutes to three. On cross-examination plaintiff was asked and answered: “Q. Then your whole purpose in coming into that store before you went to Dr. Miller’s office was to find a rest room, wasn’t it, that was your purpose in coming in then, wasn’t it? A. Yes.” Plaintiff was also asked and answered as follows: “Q. Have you any explanation to make how you got in there without knowing that you stepped up? A. Well I just wasn’t thinking, that’s all I can say, and I certainly didn’t know: that step was there.”
 

 The witness last referred to (an employee of the store whose desk was but a short distance from the rest room) testified also that she was acquainted with plaintiff and that plaintiff had been in the store “every few weeks she was in to use the rest room.” This witness testified that her desk was so located that she could see the elevator and could also, see' everybody that came on the floor and where they went.
 

 Under the holding of this court in the case of
 
 Greyhound Lines, Inc.,
 
 v.
 
 Martin, supra,
 
 the Court of Appeals did not err under the circumstances set forth in rendering final judgment.
 

 The writer is of the opinion that under the record in this ease as explained in the court’s opinion, a
 
 *80
 
 motion
 
 sua sponte
 
 to affirm the judgment of the Court of Appeals should be considered as filed and that we should sustain such motion under Rule XIX of the Rules of Practice of this court.
 

 However, the majority of the court is of the opinion that we should proceed further and pass upon all assigned errors.
 

 The following is a summary of the evidence as taken from the Court of Appeals ’ opinion:
 

 “The evidence, shows that the anteroom of the toilet room is a small vestibule covered with linoleum; that there is a 36-inch-wide door connecting this room with the toilet room; the floor level of the toilet room is approximately 6% inches higher than the level of the anteroom, and the rooms are connected by a step; this step is located in the anteroom, approximately 5 inches from the bottom of the door — in other words, the door is not ‘flush’ with the step. The toilet room is of the usual type, with compartments and a washstand.
 

 ‘ ‘ The plaintiff entered the anteroom, stepped up the step into the toilet room, and, after completing her mission, opened the door and proceeded to re-enter the anteroom. At this point she asserts she became ‘temporarily oblivious of the off-set at the toilet room door’ and fell over the step to the floor.
 

 “Plaintiff testified that the lights were dim and ineffective, although this testimony is countered by an abundance of evidence which indicates adequate and complete illumination in both rooms.
 

 “Plaintiff further testified that she doesn’t remember stepping up the step although it is apparent that she did step up; otherwise she could not have entered the toilet room, without stumbling or falling.”
 

 The fact that plaintiff was “temporarily oblivious” does not excuse the exercise by her of due care. On
 
 *81
 
 the other hand we are of the opinion that it does tend to show want of due care.
 

 The following interrogatory was propounded to the jury and answered as follows:
 

 “V. Did the plaintiff look for the step between the rest room and the anteroom as she was leaving the rest room? A. No.”
 

 We are not unmindful of interrogatory No. IV and the answer thereto as follows:
 

 “When plaintiff was going from the rest room to the anteroom did she know there was a step-down of between six and seven inches from the floor of the rest room to the floor of the anteroom? Á. No.”
 

 As plaintiff had, but a few minutes before, stepped up this step, the answer of the jury that she did not know of the step either is obviously incorrect or, if true, the negative answer to interrogatory No. V is sufficient to show that plaintiff was not exercising due care for her own safety in a place with which she claimed to be unfamiliar.
 

 Plaintiff complains of the lack of lighting. Certainly the lack of lighting was observable to plaintiff when she opened the first door. The evidence in chief discloses that at the time of the accident a female employee of the store was sitting at a desk located possibly 16 or 18 feet from the rest room, and the assistant credit manager’s window where he workeds was about 12 feet from the rest room. The assistant credit manager was working in his office at the time of the accident. If, as plaintiff claims, there was no light burning when she entered and that she could not find the switch (for light), due care would have required plaintiff to ask one of the nearby employees to turn the light on for her before she took a step in the dark.
 

 Plaintiff testified: “The room where I was was dark.” Asked, “How long did you take looking for a switch?” she answered, “Just a few seconds. I
 
 *82
 
 couldn’t find the switch, and I went on into the rest room;” and “Q. You didn’t come out and tell them there was no light in there,.or that you couldn’t find any switch, did you? A. No.”
 

 Plaintiff was then asked, “Coming out did you look where you were walking?” to which she answered, “When I came out I walked right out, and didn’t notice. ’ ’
 

 Of course, as remarked by the Court of Appeals in its opinion, ■“ plaintiff testified that the lights were dim and ineffective, although this testimony is countered by an abundance of evidence which indicates adequate and complete illumination in, both rooms.” We are not here dealing with the weight of the evidence, but such evidence does reflect upon the question of plaintiff’s sole negligence, especially when considered in connection with the evidence (although denied) that almost immediately after the fall she had said that the fall was her own fault. Therefore, plaintiff assumed the risk’ by going on in without a request for further light.
 

 We have carefully examined the bill of exceptions in this, case and in the light thereof we are of the opinion that the Court of Appeals committed no error in its findings and judgment in the instant case.
 

 In the case of
 
 Majoros
 
 v.
 
 Cleveland Interurban Rd. Co.,
 
 127 Ohio St., 255, 187 N. E., 857, it was held in paragraph one of the syllabus :
 

 “When the Court of Appeals reverses a judgment of the trial court, for the assigned reason that the trial court erred in not sustaining the motion of a defendant for a directed verdict, made at the close of all the evidence, it becomes the duty of the appellate court to render the judgment which the trial court should have rendered, and not to remand the cause "to the trial court for further proceedings.”
 

 Plaintiff’s statement to the effect that she was tern
 
 *83
 
 porarily oblivious of a step which a few minutes before she had used shows a want of due care on her part.
 

 We are of the opinion, therefore, that the judgment' of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.