SHEARER, APPELLEE, *v.* EASTERN MOTOR DISPATCH, INC., APPELLANT.

(No. 7731—Decided May 25, 1953.)

*Mr. Ernest W. Stockmeier* and *Mr. William T. Sheffield,* for appellee.

*Messrs. McIntosh, Moore & Katz,* for appellant.

MATTHEWS, P. J.   The plaintiff asked for judgment for the amount of damage done to his automobile in a collision with the defendant's truck.   He alleged that the truck was being operated at the time by defendant's agent and servant, and that the agent was negligent in that he backed the truck without giving any signal of his intention so to do and in so doing backed into and against the plaintiff's automobile, causing damage to it.   He alleged that the defendant's agent was acting within the scope of his employment at the time.

The defendant answered admitting its corporate capacity and that "there was a collision between a truck of defendant and a car of the plaintiff" at the time and place alleged by the plaintiff and then denied "each and every other allegation not hereinbefore specifically admitted to be true."

At the trial the plaintiff introduced evidence of the damage to his automobile, that the operator of defendant's truck was negligent, and that the collision was directly caused by such negligence.   No evidence what-

ever was introduced tending to prove that the operator was acting within the scope of his employment or, indeed, that he was or had been employed by the defendant in any capacity.

At the close of plaintiff's evidence the defendant moved for a "directed verdict," which motion, as the case was being heard without a jury, was not apt to the occasion but did bring to the attention of the court that the evidence failed to present issues to be determined by the trier of the facts and was in substance a demurrer to the evidence. The court overruled this motion.

The defendant rested without introducing any evidence.

The trial court found for the plaintiff and entered judgment accordingly. This appeal is from that judgment.

The question presented is whether there is any evidence that the operator of defendant's truck at the time and place of the collision was acting for and on defendant's behalf and within the scope of the authority conferred upon him by it. It is clear that there is no direct evidence or admission in the pleading to that effect. Is there any evidence or admission in the defendant's answer from which a permissible inference can be drawn that the negligent person was acting for and on behalf of the defendant and within the scope of the authority conferred upon him?

It is not contended that there is anything in the evidence from which such an inference could be drawn. It is conceded that the case of *White Oak Coal Co.* v. *Rivoux, Admx.*, 88 Ohio St., 18, 102 N. E., 302, 46 L. R. A. (N. S.), 1091, Ann. Cas., 1914C, 1082, precludes any such contention. It was held in that case, as stated in the first and second paragraphs of the syllabus:

"1. The owner of an automobile is not liable in an action for damages for injuries to or death of a third

person caused by the negligence of an employee in the operation of the automobile, unless it is proven that the employee, at the time, was engaged upon his employer's business and acting within the scope of his employment.

"2. The facts that the automobile was owned by the defendant and that the same was negligently operated by an employee do not make a prima facie case of negligence against the owner, unless it appears that the employee was driving the automobile with authority, express or implied, of the owner."

In that case, which has been followed many times (see *Jackson* v. *Frederick,* 152 Ohio St., 423, 427, 89 N. E. [2d], 645), it was held that mere proof that an automobile belonged to a person and that the operator was such person's employee was no evidence that he was acting as such person's agent in operating the vehicle at a certain time and place or that he was acting within the scope of his authority as such agent in what he was doing.

While conceding the force of *White Oak Coal Co.* v. *Rivoux, supra,* as a precedent, plaintiff's counsel seek to distinguish that case on the facts. They say that in that case the only admission in the defendant's answer was that it was a corporation, whereas in the case at bar the defendant by answer admitted that it owned the truck, and admitted the collision between it and the plaintiff's automobile. There is that difference in the answers in the two cases. However, it is the fact, not the manner in which its existence is established, that determines its meaning and effect in the light of common experience. Whether the mere ownership of the truck has any tendency to prove that the operator was acting for and on behalf of the owner is not affected by the manner in which the ownership is established.

Plaintiff's counsel rely on *Ritchie* v. *McMullen,* 159 U. S., 235, 40 L. Ed., 133, 16 S. Ct., 171, as holding that

"if an answer expressly admits that 'certain attorneys entered or undertook to enter the appearance of this defendant in said action' without alleging that such attorneys were not authorized to enter defendant's appearance 'they will be taken to have been authorized by him to do so.' " An examination of that case discloses that the defendant not only made the foregoing admission, but also admitted that he had filed an answer in the case to which the answer alluded. However, we fail to see any analogy between a case construing affirmative allegations of an answer and the case at bar in which the question is as to the effect of an answer containing a direct denial of an affirmative allegation of the petition.

It seems to us that, giving full effect to the admissions in the answer and every permissible inference from the evidence, there is a complete failure of proof that the operator was acting within the scope of any authority conferred upon him by the defendant, but in fact there is a showing of a complete absence of any proof that the operator was the defendant's agent for any purpose.

For these reasons and for the reason that the trial court erred in not rendering judgment for the defendant, we are of opinion that the judgment must be reversed. It, therefore, becomes our duty under Section 12223-38, General Code, to enter final judgment for the defendant. (See *Greyhound Lines, Inc.,* v. *Martin,* 127 Ohio St., 499, 189 N. E., 244.) It is so ordered.

*Judgment reversed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.