**Alph DAILY, Plaintiff,**

v.

**DEALER'S TRANSPORT COMPANY, a corporation, Defendant.**

United States District Court,
S. D. New York.

Oct. 18, 1954.

Baker, Garber & Chazen, Hoboken, N. J. and New York City, for plaintiff.

Wood, Werner, France & Tully, New York City, Akin M. French, New York City, of counsel, for defendant.

DAWSON, District Judge.

This is a motion for leave to join Cadis, Incorporated as an additional party defendant.

The action is one for personal injuries arising out of an automobile accident which occurred in Ohio. The complaint alleges that defendant, by its agent Elliott, negligently operated a dump truck so that it struck a motor vehicle which plaintiff was operating, thereby causing him serious injuries.

Defendant, in its answers to interrogatories, admitted control of the dump truck and that Elliott was operating the dump truck within the scope and authority of his employment at the time of the accident.

Plaintiff seeks to join Cadis, Incorporated as a defendant on the ground that it was the owner of the dump truck. The papers submitted on the motion state that defendant is a common carrier engaged in transporting vehicles from factories to their place of destination, and that at the time of the accident, it was engaged in driving the dump truck from its place of origin to a pier in New York for shipment to South America, and that the only relationship of Cadis, Incorporated to the dump truck was that Cadis, Incorporated was the consignor on the shipment and had title to the dump truck. Plaintiff has not shown that under the law of Ohio, where the accident took place, such mere naked title would impose liability on Cadis, Incorporated for negligence of the common carrier or its servant. In fact, it would appear that such mere naked title would not impose any liability under the Ohio decisions. White Oak Coal Co. v. Rivoux, 1913, 88 Ohio St. 18, 102 N.E. 302, 46 L.R.A., N.S., 1091; Shearer v. Eastern Motor Dispatch, 1953, 95 Ohio App. 47, 117 N.E.2d 203.

It may well be, therefore, that no liability can be established against Cadis, Incorporated; but this should not be determined merely on the motion for

leave to join the additional defendant, but rather at a time when the parties have had an opportunity to present all relevant facts to the court.

Motion granted. So ordered.