OPINION
Plaintiffs-appellants, Barbara and Kenneth Thompson, appeal from a judgment of the Franklin County Court of Common Pleas, granting the summary judgment motion of defendant-appellee, Do-An, Inc., dba Da Vinci Ristorante.
Appellants filed a complaint on May 11, 1999, seeking damages for injuries Barbara Thompson received as a result of a fall at appellee's restaurant. Appellants claimed that appellee was negligent in the construction of the step, in failing to warn customers of the step, and in the placement of the floor covering which failed to make the step readily apparent to customers under the lighting condition of the restaurant. Kenneth Thompson asserted a claim for loss of consortium. The trial court granted appellee's motion for summary judgment, finding as a matter of law that the step was an open and obvious hazard and that no genuine issue of material facts exist for trial. Appellants filed a timely notice of appeal.
On appeal, appellants assert one assignment of error:
 Trial court erred in granting Defendant-Appellee's Motion for summary judgment on the basis that Plaintiff-Appellant's fall was caused by an open and obvious condition as a matter of law, and that no genuine issues of material facts exist for trial.
On December 4, 1997, Barbara Thompson attended a retirement party for several co-workers at appellee's restaurant, Da Vinci Ristorante. She had never been to the second floor of appellee's restaurant before, but proceeded up a stairway to the banquet room located on the second floor at approximately 5:30 p.m. She concedes that she was able to proceed without incident over the same step that she alleges caused her to fall later in the evening. Appellant spent three and one-half hours at the banquet and shared two glasses of wine with her husband. At 9:00 p.m., she left the banquet room and attempted to go down the stairs; however, she failed to see the step, fell forward across the landing, and continued to fall down the stairs fracturing her left wrist. She argues that the lighting condition and similarity in the floor color between the hallway, the step and the landing caused her fall.
In appellants' single assignment of error, they argue that the trial court erred in granting appellee's motion for summary judgment because a factual dispute remains as to whether appellee had actual or constructive notice of the hazard prior to Barbara Thompson's fall. We agree.
An appellate court reviews a trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711. An appellate court applies the same standard of review as the trial court in reviewing the trial court's disposition of a summary judgment motion. Maust v. BankOne Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. Before summary judgment can be granted under Civ.R. 56(C), the trial court must determine that:
 * * * (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. * * *
State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
The trial court granted appellee's motion for summary judgment based on an exception to the general premises liability rule. The exception is that, when there is an open and obvious condition, there is no duty to warn owed to an invitee. Sidle v.Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. The trial court also relied heavily on two Ohio Supreme Court cases, Leighton v. Hower Corp. (1948), 149 Ohio St. 72, and Raflov. Losantiville Country Club (1973), 34 Ohio St.2d 1, in determining appellant's fall was caused by an open and obvious condition. Specifically, Raflo stated that:
 * * * This attempt to designate a defect as insubstantial for the purpose of notice upon entering but substantial for the purpose of imposing liability for a fall upon exiting shows an ambivalence with which we cannot concur. Injuries occasioned by insubstantial defects should not be actionable unless circumstances render them "unreasonably dangerous." * * * [Emphasis added.] [Id. at 4.]
Here, appellants argue that the circumstances at Da Vinci's rendered the steps "unreasonably dangerous." Specifically, the similarity of color of the landing, the hall and the step, coupled with the lighting conditions, made it difficult to see the step when exiting. Also, appellants assert thatLeighton can be distinguished from the case at bar in several ways. First, the plaintiff in Leighton had traversed the same step which brought about her fall many times in the past.Leighton, at 79. In fact, a witness testified to seeing plaintiff cross the step and go into the bathroom every few weeks.Id. at 79. Here, Barbara Thompson had never been on the second floor of Da Vinci's and had never attempted to exit down the stairs prior to her incident. Second, the plaintiff in Leighton, only minutes prior to her fall, successfully crossed over the same step which brought about her fall subsequently. Id. Whereas in the case at bar, Barbara Thompson experienced a lapse of three and one-half hours between the time when she walked up the step to when she attempted to walk down the step later that evening. Third, the plaintiff in Leighton alleged that insufficient lighting conditions contributed to her fall, when, in reality, her testimony indicated that she failed to turn on the light switch.Id. at 81-82. In the case at bar, the lighting conditions were not in Barbara Thompson's control and, in fact, were the responsibility of appellee. Finally, in Leighton, the plaintiff admitted to a bystander with reference to her fall, "it was my own fault." Id. at 79. Here, no evidence suggests appellant's fall was a result of her own lack of due care.
Appellee argued that, since appellant entered and successfully traversed the step without incident, she cannot claim the same step caused her fall upon exiting. However, appellants counter that a guest can be confronted with a far more dangerous situation when exiting than when entering. See Perry v. EastgreenRealty Co. (1978), 53 Ohio St.2d 51. The Supreme Court of Ohio distinguished Raflo in Perry by stating that:
 * * * [A] plaintiff's failure to avoid a known peril is not excused by the fact that he "forgot" or "did not think"; however, the fact of a plaintiff's forgetfulness is not identifiable with the alleged fact of a defendant's wall which, once perceived, later has become invisible. * * *
Id. at 54. As in Perry, Barbara Thompson saw the step when she entered, but, due to circumstances, there is evidence from which to infer that the difference between the step, the hall and the landing became invisible when she left the restaurant.
Appellee argues that the dangerous condition was open and obvious and, because of the nature of the condition, Barbara Thompson is fully precluded from recovery on the basis of premises liability. Appellee also argues that the trial court was not presented with competent evidence of appellee having prior notice of a dangerous condition at Da Vinci's. However, appellants have provided evidence that two other patrons fell in the same location at Da Vinci Ristorante. Dorothy Eibling fell on October 9, 1997, in the same location, and Grace Vari fell in June 1996, in the same location. Additionally, several affidavits call into question whether Da Vinci's employees were aware of other patrons falling in the same location where Barbara Thompson fell. Although appellee's manager denied any knowledge, appellants provided an affidavit indicating that appellee was aware that an emergency squad came to Da Vinci's to transport a patron to the hospital who had fallen in the same spot as Barbara Thompson.
The Supreme Court has held:
 "[An] occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection. But the obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm. The occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use. The obligation extends to the original construction of the premises, where it results in a dangerous condition." * * *
Perry, at 52. To prevail on a negligence action based on a slip and fall in a business, a customer must establish:
 1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.
Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, 589. This court has previously held that a party must merely demonstrate that a genuine issue of material fact exists regarding at least one prong of the Johnson test to survive summary judgment. Evans v. Armstrong Group (Sept. 23, 1999), Franklin App. No. 99AP-17, unreported.
Upon a review of the evidence viewed most strongly in favor of appellants and in accordance with Civ.R. 56, we conclude that there is a genuine issue of material fact as to whether appellee had notice of the condition of the step. The fact that two other patrons of Da Vinci's had fallen in the exact location as Barbara Thompson, but prior to her fall, and that at least one affidavit indicates that appellee had notice through an employee about a previous fall in the same location requiring an ambulance to be called, demonstrates that a genuine issue of material fact exists as to notice and whether the step was a hazard. Thus, appellants have demonstrated a genuine issue of material fact that appellee had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly, satisfying appellants' burden under the second prong of the Johnson test. Therefore, the trial court erred by granting appellee's motion for summary judgment, and appellants' first assignment of error is sustained.
Based on the foregoing reasons, appellants' single assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.