[Cite as *Brandt v. Huggy's Coffee & Wine Bar, L.L.C.*, 2022-Ohio-3681.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Grace Brandt

     Appellant

v.

Huggy's Coffee & Wine Bar, LLC

     Appellee

Court of Appeals No. E-22-004

Trial Court No.  2021-CV-0201

**DECISION AND JUDGMENT**

Decided:  October 14, 2022

* * * * *

David M. Gareau and Richard W. Dunson, for appellant.

John S. Wasung and Martin E. Goff, for appellee.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Grace Brandt, appeals from a judgment entered by the Erie County Court of Common Pleas, granting the motion for summary judgment filed by appellee, Huggy's Coffee and Wine Bar, LLC ("Huggy's").  For the reasons that follow, we affirm the judgment of the trial court.

## Statement of the Case

{¶ 2} This action originated in the trial court as a re-filed personal injury action that was brought by appellant against appellee and defendants Allan D. Appleton and Nancy M. Appleton ("the Appletons"). The action arose from an incident that occurred on June 16, 2018, when appellant tripped and fell down a 4 3/8" step as she exited the ladies bathroom at Huggy's. In her complaint, appellant asserted claims for negligence (pleaded separately as negligence, negligence per se, and negligent design). The Appletons, who are the owners of the premises, were dismissed from the case on September 22, 2021.

{¶ 3} On September 27, 2021, Huggy's moved for summary judgment. A response was filed on December 3, 2021, and a reply followed thereafter. On December 22, 2021, the trial court issued a judgment entry granting summary judgment in favor of Huggy's and dismissing the case. Appellant timely filed a notice of appeal.

## Statement of the Facts

{¶ 4} The facts of this case are undisputed by the parties and, viewed in a light most favorable to appellee, are as follows. At about 8:45 on June 16, 2018, appellant went into Huggy's. She did not order or buy any food or beverage, but instead went into the ladies bathroom, which was located immediately inside the east exterior double doors at the vestibule. The raised step into the bathroom measures 4 3/8 inches.

2.

{¶ 5} Appellant admitted that she had no issue or problem identifying and navigating the raised step on the way into the bathroom. She stepped up and over the raised step to enter into the bathroom, and then she turned on the bathroom light.

{¶ 6} When asked to describe how she fell, appellant testified, "I was walking out of the bathroom, and I was looking down and it appeared to me that it was one surface * * *." She further testified, "I was walking out as if it was one surface * * * and then I fell right on my back." Finally, she stated, "I tripped on the drop."

{¶ 7} Appellant testified that it was "dimly lit" inside Huggy's at the time. According to appellant, the sun had already set and it was to the far west side of the building, so there was no natural light coming into the restaurant and (although the bathroom light remained on) it was "very dark."

## Assignment of Error

{¶ 8} Appellant asserts the following assignment of error on appeal:

I. The Trial Court Erred in Granting Summary Judgment in Favor of Defendant-Appellee Huggy's Coffee and Wine Bar, LLC.

## Analysis

{¶ 9} Summary judgment is appropriately granted where there remains no genuine issue of material fact and where reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). The moving party has the initial burden to show that no genuine issue of material fact exists. *Byrd v. Smith,* 110

3.

Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10. To avoid summary judgment, the non-moving party's response must set forth specific facts showing that there is a genuine issue for trial and may not rest upon mere allegations or denials in the pleadings. *Id.*, citing Civ.R. 56(E).

{¶ 10} When determining whether there exists a genuine issue of material fact to be resolved at trial, the court is to consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the non-movant. *See, e.g., Jackson v. Columbus*, 117 Ohio St.3d 328, 2008-Ohio-1041, 883 N.E.2d 1060, ¶ 11. Any doubts must be resolved in favor of the non-movant. *Leibreich v. A.J. Refrig., Inc.*, 67 Ohio St.3d 266, 269, 617 N.E.2d 1068 (1993).

{¶ 11} An appellate court considers the propriety of granting summary judgment de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.

{¶ 12} To avoid a properly supported motion for summary judgment in a negligence action, a plaintiff must establish that genuine issues of material fact remain as to whether: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) the plaintiff suffered injury as a direct and proximate result of the defendant's breach. *Nelson v. Sound Health Alternatives Intern., Inc.*, 4th Dist. Athens No. 01CA24, 2001-Ohio-2571, *3 (Sep. 6, 2001). "If [the] defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing

4.

elements and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law." *Id.*

{¶ 13} Establishing the existence of a duty "is fundamental to establishing actionable negligence." *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614. As stated by the court in *Jeffers*:

'* * * If there is not duty, then no legal liability can arise on account of negligence. Where there is no obligation of care or caution, there can be no actionable negligence' (Footnotes omitted.) 70 Jurisprudence 3d (1986) 53-54, Negligence, Section 13. Only when one fails to discharge an existing duty can there be liability for negligence.

*Id.*

{¶ 14} "In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed." *Nelson* at *4. For purposes of this appeal, appellee concedes that appellant was a business invitee.

{¶ 15} A business premises owner or occupier has a duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, such that its invitees will not unreasonably or unnecessarily be exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203, 480 N.E.2d 474 (1985). A business premises owner or occupier is not, however, an insurer of its invitees' safety. *See id.* Although a premises owner or occupier must warn its invitees of latent or concealed dangers if the owner knows or has

5.

reason to know of the hidden dangers, *Jackson v. Kings Island*, 58 Ohio St.2d 357, 359, 390 N.E.2d 810 (1979), the owner or occupier "owes no duty to persons entering those premises regarding dangers that are open and obvious." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5. Instead, "the owner or occupier may reasonably expect that persons entering the premises will discover [open and obvious] dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.,* 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992). Thus, when applicable, the open and obvious doctrine "obviates the duty to warn and acts as a complete bar to any negligence claims." *Armstrong* at ¶ 5.

{¶ 16} In many instances, a determination of whether the open and obvious doctrine applies -- and, thus, whether a premises owner or occupier owes a duty to plaintiff -- can be determined as a matter of law. *Johnson v. Southview Hosp.*, 2d Dist. Montgomery No. 25049, 2012-Ohio-4974, ¶ 14, citing *Armstrong* (holding, as a matter of law, based on photographs presented by the parties, that the bracket of a shopping cart guardrail near the entrance to a store was an open and obvious hazard).

{¶ 17} Appellant argues in the instant case that the trial court erred in determining that the "step down from the bathroom" was an open and obvious risk. More specifically, appellant claims that the issue "is whether the top of the step is visible to somebody leaving the bathroom," given the placement of a rug on the floor just below the step. In support of her assertion that the step was "imperceptible to somebody exiting the

6.

bathroom," appellant points to a two dimensional black and white photograph of the condition showing the scene from the perspective of a person leaving the bathroom, together with a comment from an architect who, on seeing the photograph, exclaimed "wow," and said that he could not tell from the photograph where the step was located, because "[i]t blends with everything else."

{¶ 18} "The Supreme Court of Ohio has held that one who traverses over a step when entering a building is on notice of the condition of the step because of the prior use, and therefore, is not entitled to damages." *Wilson v. Kids Room,* 4th Dist. Highland No. 96 CA 909, 1997 WL 599177, * 2 (Sept. 22, 1997), citing *Raflo v. Losantiville Country Club*, 34 Ohio St.2d 1, 295 N.E.2d 202 (1973), paragraph [one] of the syllabus (holding that "[o]ne who upon entering a building traverses a step [into an area] * * * cannot maintain that the hazard was so insubstantial as to go unnoticed at that time, yet was unreasonably dangerous, hence actionable, when it occasioned [the plaintiff's] fall upon leaving the building"); *Leighton v. The Hower Corp.*, 149 Ohio St. 72, 77 N.E.2d 600 (1948) (holding that "[w]here plaintiff's testimony discloses that she was 'temporarily oblivious' of the presence of a step which a few minutes before she had used, it shows a want of due care on her part and does not dispel the inference of her own negligence). Further, in Ohio, "'[d]arkness' is always a warning of danger, and for one's own protection it may not be disregarded." *Jeswald v. Hutt*, 15 Ohio St.2d 224, 239 N.E.2d 37 (1968), paragraph three of the syllabus.

7.

**{¶ 19}** Several Ohio courts have held that "dimly lit steps [and even] uniform color between a step and the floor * * * do not render steps unreasonably dangerous, but rather present an open and obvious danger of which the person traversing the steps should be aware." *Nelson* at *9, citing *Kornowski v. Chester Properties, Inc.,* 11th Dist. Geauga No. 99-G-2221, 2000 WL 895594 (June 30, 2000) (lack of color contrast); *Orens v. Ricardo's Restaurant*, 8th Dist. Cuyahoga No. 70403, 1996 WL 661024 (Nov. 14, 1996) (dimly lit step and uniform color between step and floor); (additional citations omitted); *see also Stewart v. AMF Bowling Ctr., Inc.*, 3d Dist. Hancock No. 5-10-16, 2010-Ohio-5671, ¶ 15, citing *Hill v. W. Res. Catering*, 8th Dist. No. 93930, 2010-Ohio-2896, ¶ 23 (finding that a hazard has been found to be open and obvious even where the colors of the step and floor are uniform).

**{¶ 20}** We additionally note that a premises owner or occupier's duty is not to be determined by questioning "whether the step could have been made perfect or foolproof[;] [t]he issue is whether the conditions that did exist were open and obvious to any person exercising reasonable care and watching where she was going." *Orens* at *5.

**{¶ 21}** In the instant case, appellant fell while trying to descend the single step that she had just ascended upon arriving at Huggy's. As the court found in *Olivier v. Leaf & Vine*, 2d Dist. Miami No. 2004 CA 35, 2005-Ohio-1910, ¶ 44, we likewise find:

> Although the lighting might have affected whether the condition would
>
> have been open and obvious had that been her first encounter with the step,

8.

we cannot agree that [appellant] was less aware of the * * * height of the step upon her descent. The fact that the restaurant appeared darker due to the natural lighting should have caused her to take additional care upon descending the step.  The restaurant 'had the right to assume visitors to the restaurant would appreciate a known risk and take action to protect themselves accordingly.'

*Id.,* citing *Moses v. The Pour House Restaurant,* 3d Dist. Wyandot No. 16-91-18, 1992 WL 126082 (June 3, 1992) (where plaintiff had to step up onto the elevated platform in restaurant to sit at the table, the step was an open and obvious hazard); *Raflo*, 34 Ohio St.2d 1, 296 N.E.2d 202 (1973).  That the rug on the lower portion of Huggy's floor was a different color than the tile on the higher bathroom floor is, at best, irrelevant; if anything, it provided a visible distinction between the upper and lower surfaces.

{¶ 22} In an effort to avoid this court's ruling against her, appellant cites several cases in support of the proposition that "prior usage of a step does not automatically equal knowledge of danger presented by the step where knowledge of the danger is not essential to its prior use."

{¶ 23} In the first of those cases, *Shaw v. Central Oil Asphalt Corp.*, 5 Ohio App.3d 42, 449 N.E.2d 3 (9th Dist.1981), the court rejected the contention that a truck driver's prior use of stairs leading to a loading platform gave the driver notice of the absence of a handrail and of the bent and bowed-out condition of one of the steps, stating:

9.

[W]e hold that knowledge of a condition should be charged as a matter of law only when the condition is so obvious that a jury could only conclude that a reasonably prudent person would or should have known it. In cases where prior usage is utilized to charge one with knowledge of a defective condition such prior usage in itself is not conclusive unless knowledge of the condition was essential to the success of the prior use.

{¶ 24} In the second case cited by appellant, *Seyler v. Starboard Side Enterprises, Inc.*, 2d Dist. Montgomery No. 13748, 1993 WL 462830 (Nov. 10, 1993), the court similarly rejected the contention that a restaurant patron who exited a restaurant over steps having "numerous defects and abnormalities" would necessarily have been made aware of the unsafe condition of the stairs upon her first passage. Specifically, the court stated:

Appellant presented evidence of numerous defects and abnormalities in the steps, the existence of which are not seriously disputed by appellee. Certainly, any one of the alleged defects in the [restaurant's] steps, standing alone, may have been considered insubstantial as a matter of law. Taken together, however, we conclude that reasonable minds could differ on whether the defects constituted an abnormally dangerous condition on appellee's premises from which appellee had a duty to protect appellant, and, thus, the question was one for the factfinder.

*Id.* at *3.

{¶ 25} The instant case is easily distinguishable from *Shaw* and *Seyler* for the simple reason that in the instant case there is no evidence whatsoever of the step having a latent "defective" or "abnormally dangerous" condition. As explained above, the step into the ladies room at Huggy's, even in less-than-ideal lighting conditions, presented, at most, an open and obvious hazard that appellant was able to successfully navigate on her way into the ladies room, just moments before her fall on the way out. Under Ohio law, "[m]inor or trivial imperfections on the property which are commonly encountered and to be expected as a matter of law do not form a basis of liability." *Orens* at *4. As explained by the court in *Nelson*:

> People can hurt themselves on almost any condition of the premises. That is certainly true of an ordinary flight of stairs. But it takes more than this to make a condition unreasonably dangerous. If people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, then the condition is not unreasonably dangerous because the likelihood of harm is slight. This is true of the flight of ordinary stairs in a usual place in the daylight. It is also true of ordinary curbing along a sidewalk, doors or windows in a house, counters in a store, stones and slopes in a New England field, and countless other things which are common in our everyday experience. It may also be

true of less common and obvious conditions which lurk in a place where visitors would expect to find such dangers. The ordinary person can use or encounter all of these things safely if he is fully aware of their presence at the time. And if they have no unusual features and are in a place where he would naturally look for them, he may be expected to take care of himself if they are plainly visible. In such cases it is enough if the condition is obvious, or is made obvious (*e.g.,* by illumination). The knowledge of the condition removes the sting of unreasonableness from any danger that lies in it, and obviousness may be relied on to supply knowledge. Hence the obvious character of the condition is incompatible with negligence in maintaining it. If plaintiff happens to be hurt by the condition, he is barred from recovery by lack of defendant's negligence towards him, no matter how careful plaintiff himself may have been. * * *

*Nelson*, 4th Dist. Athens No. 01CA24, 2001-Ohio-2571 at *9, quoting 2 Harper & James, Law of Torts (1974) 1489-1491, Section 27.13.

{¶ 26} Even in *Olivier*, the third case cited by appellant, where it was accepted for purposes of the appeal that the height of a step onto the raised seating area of a restaurant violated building code regulations, the court determined that such condition could be "considered in light of the circumstances, including whether the condition was open and obvious to an invitee," and did not necessarily raise a genuine issue of material fact

regarding the restaurant's duty and breach of duty. *Olivier*, 2d Dist. Miami No 2004 CA 35, 2005-Ohio-1910, at ¶ 28. Specifically, the court provided:

> The fact that a condition violates the building code may support the conclusions that the condition was dangerous and that the landowner had breached its duty to its invitee. However, such violations may be obvious and apparent to an invitee. In our judgment, if the violation were open and obvious, the open and obvious nature would 'obviate[] the duty to warn.'

*Id.* at ¶ 28, citing *Armstrong*, 99 Ohio St.3d at 80, 799 N.E.2d 1088. (Additional citations omitted.). In concluding that the hazard in *Olivier* was, in fact, open and obvious, the court, in a case factually similar to the one at hand, stated the plaintiff "was necessarily on notice of the height of the single step to the raised seating area due to her prior use" and that she "could not have taken her seat and eaten in that area without successfully stepping onto the platform." *Id.* at ¶ 42.

{¶ 27} In light of all of the foregoing, we find that because condition that caused appellant's fall was open and obvious, and was clearly not a latent defective or unreasonably dangerous condition, appellee owed no duty to appellant and, as a result, summary judgment was appropriately granted in favor of appellee.

13.

**{¶ 28}** Accordingly, appellant's sole assignment of error is found not well-taken. The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                     _____
                                                                    JUDGE

Gene A. Zmuda, J.

Myron C. Duhart, P.J.                     _____
CONCUR.                                                JUDGE

                                                          _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.