RAFLO, APPELLANT, v. THE LOSANTIVILLE COUNTRY CLUB, APPELLEE.

(No. 72-529—Decided April 11, 1973.)

2

*Messrs. Beall, Hermanies & Bortz, Mr. Walter Bortz, Messrs. Eichel & Krone* and *Mr. Lawrence E. Eichel,* for appellant.

*Mr. Edward J. Utz,* for appellee.

Paul W. Brown, J. *Leighton* v. *Hower Corp., supra,* involved a substantially identical fact situation. There, the plaintiff fell while leaving the toilet area by way of a door which opened immediately onto a step which plaintiff had ascended when she entered the toilet area a short time before. To plaintiff's claim, that she was "temporarily oblivious" of the presence of the step at the time of her fall, this court responded that a fall under such circumstances showed a want of due care upon her part, and affirmed final judgment for the defendant awarded by the Court of Appeals.

The clear holding in that case justifies the granting of summary judgment in this case, unless we are willing to distinguish the cases upon the basis of differences in the time which elapsed between entering and leaving the club house in this case, and the time which elapsed between entering and leaving the toilet area in *Leighton*. The time difference in the cases here compared was less than three hours.

Generally, the plaintiff's failure to avoid a known peril is not excused by the fact that he "did not think," or "forgot." *Baltimore & Ohio Rd. Co.* v. *Whitacre* (1880), 35 Ohio St. 627; *Jeswald* v. *Hutt* (1968), 15 Ohio St. 2d 224; *Herbst* v. *Y. W. C. A.* (1936), 57 Ohio App. 87; 39 Ohio Jurisprudence 2d 640, Negligence, Section 93; 74 A. L. R. 2d 950, 957; 35 A. L. R. 3d 230, 262.

We conclude that neither the time span nor the surrounding circumstances in this case are such as to make *Leighton* inapplicable, and to raise a jury question.

Ordinarily, the owners of premises are liable to an invitee who, although using due care for his own safety, is injured by reason of an unsafe condition of the premises which is known to the owner-occupier but not to the invitee and which the owner-occupier has negligently suffered to exist. *Englehardt* v. *Philipps* (1939), 136 Ohio St. 73.

In its well-written opinion, the court stated that the basis of the owner-occupier's liability in such cases is his

superior knowledge of the existing dangers or perils on the premises.

The appellant, by way of minimizing the doctrine of "known peril," takes the position that under the facts of this case the guest was "confronted with a far different (and far more dangerous) situation upon leaving the club than when entering"; that the defect, clearly and continuously visible when entering, did not become apparent upon exiting until the plaintiff opened the door and attempted to step down. This attempt to designate a defect as insubstantial for the purpose of notice upon entering but substantial for the purpose of imposing liability for a fall upon exiting shows an ambivalence with which we cannot concur. Injuries occasioned by insubstantial defects should not be actionable unless circumstances render them "unreasonably dangerous." Dissent in *Smith* v. *United Properties* (1965), 2 Ohio St. 2d 310, 316, approved in *Helms* v. *American Legion* (1966), 5 Ohio St. 2d 60.

We are not required to decide that a step, which is, as in this case, two inches above the maximum prescribed by statute, is, as a matter of law, an insubstantial defect. We do agree with the courts below that one traversing such a defect upon entering a building cannot take the position that it was at that time so insubstantial as to go unnoticed, but became unreasonably dangerous, hence actionable, when injuries were occasioned by it upon exiting shortly thereafter.

Certainly, the mere fact that a step of statutorily proscribed elevation has been constructed at an exit does not alter the rule that an invitee with knowledge of such a defect traverses it at his peril.

*Judgment affirmed.*

O'NEILL, C. J., STERN and W. BROWN, JJ., concur.
HERBERT, J., concurs in the judgment only.
CORRIGAN and CELEBREZZE, JJ., dissent.