OPINION
On July 31, 1993, plaintiff-appellant, Joetta Rose Hall, and her two-year-old daughter entered a meat store at 311 Village Street, Hamilton, Butler County. The store is owned by defendants-appellees, William C. Wilks and First National Bank of Southwestern Ohio ("First National") and leased by a person not a party to this appeal. Appellant testified in her deposition that before she entered the store, she observed that the step leading into the meat market was rotted in the middle, sagging down and partially covered with sheet metal. Appellant further testified that when she placed her foot in the center of the step she "could tell that * * * something was wrong with the step" because she could feel the step give approximately two inches. Appellant and her daughter entered the store without incident and made their purchases. Upon exiting the store appellant stepped directly on the step in question, causing her foot to be caught in the step. Appellant fell to the sidewalk, causing multiple fractures to her right ankle.
Appellant filed suit against appellees, Wilks and First National. Answers were filed and discovery was conducted including appellant's deposition. The trial court granted separate motions for summary judgment filed by Wilks and First National. Appellant appeals the granting of summary judgment to appellees.
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED IN GRANTING THE SUMMARY JUDGMENT MOTION OF DEFENDANT-APPELLEE WILLIAM C. WILKS, ET AL., WHERE SUFFICIENT EVIDENCE EXISTED TO WARRANT INTERVENTION OF A TRIER OF FACT.
ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT-APPELLEE FIRST NATIONAL BANK OF SOUTHWEST OHIO.
"When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Gerdes v. Super America (Apr. 21, 1997), Butler App. No. CA96-08-171, unreported, at 4, following Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 445. Summary judgment is appropriate upon a demonstration that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. To prevent an adverse summary judgment in a negligence action, the plaintiff must show the existence of a duty and sufficient evidence from which reasonable minds could infer a breach of duty and an injury resulting proximately therefrom. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77.
It is undisputed that appellant was a business invitee when the incident occurred. An owner or occupier of premises owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, an owner or occupier is not an insurer of the customer's safety.
 An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.
Sidle v. Humphrey (1968), 13 Ohio St.2d 45, syllabus.
In her deposition, appellant stated that she saw "a step that, it looked like it was rotted like in the middle of the step, and I remember it sagging down, and they had like some kind of, I'm going to call it sheet metal, * * * they had it folded back over somewhat of a hole in the step." Upon review of the testimony given by appellant, there is no doubt that the condition of the step was open and obvious and that appellant was aware of the defective nature of the step when she entered the premises. The Supreme Court has rejected the argument that a step can be more dangerous on exiting the premises then upon entering. In a case with a similar fact pattern, the Supreme Court held that "one traversing such a defect upon entering the building cannot take the position that it was at that time so insubstantial as to go unnoticed, but became unreasonably dangerous, hence actionable, when injuries were occasioned by it upon exiting shortly thereafter." Raflo v. Losantiville Country Club (1973), 34 Ohio St.2d 1, at 4.
Appellant relies on Stinson v. Cleveland Clinic Foundation (1987), 37 Ohio App.3d 146, wherein a summary judgment was overruled because the court found a genuine issue of material fact as to whether the dangerous condition was foreseeable. Appellant's reliance on Stinson is misplaced since it is recognized that, regardless of foreseeability, if the owner and invitee "are equally aware of the dangerous condition and the invitee voluntarily exposes himself to the hazard, the owner or occupier will not be liable." Stinson at 149.
Furthermore, the open and obvious hazard doctrine can still apply to obviate a duty owed to an invitee, despite the adoption of a comparative negligence statute. Krause v. C G Properties (Nov. 3, 1994), Cuyahoga App. No. 66379, unreported, at 8, following Parsons v. Lawson (1989), 57 Ohio App.3d 49.
Construing the facts in a light most favorable to appellant, reasonable minds can only conclude that the condition of the step was open and obvious and that appellees owed no duty to appellant. Appellant's first and second assignments of error are overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.