OPINION
Plaintiff-appellant Victoria Brown appeals from the decision of the Mahoning County Common Pleas Court which granted summary judgment in favor of defendant-appellee Pet Supplies Plus. For the following reasons, the trial court's judgment is affirmed.
On October 9, 1993, appellant went to Pet Supplies Plus ("the store") in Boardman, Ohio to purchase a pet cage. She carried her daughter into the store following her husband through an automatic door. After choosing a pet cage, appellant realized that it would not fit into her car. Thus, instead of purchasing the cage, appellant walked over to the cashier and asked her if the store would hold the cage until they could return with a bigger vehicle. The cashier conferred with other employees about whether the cage could be held and then about where it should be kept.
Meanwhile, appellant's husband had carried the box containing the cage to the front of the store and set it next to the entrance door. The cashier then told appellant that the store would hold the cage and pointed out where appellant should put the cage. Appellant's husband struggled in his attempt to lift the box so appellant bent down to help him. Just then, a customer entered the store causing the automatic door to open. The edge of the door hit appellant's head. She then left the store complaining of a headache.
In September 1995, appellant filed suit against the store alleging negligent design and installation of the automatic doors and negligent failure to warn of a dangerous condition. The store filed a motion for summary judgment which was eventually sustained by the trial court. The trial court held that appellant produced no evidence of negligent design or installation. The court also found that the store had no duty to warn of the hazards associated with automatic doors because the presence of the automatic doors was an open and obvious condition to all customers who enter the store. This appeal followed.
Appellant's sole assignment of error provides:
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SINCE REASONABLE MINDS COULD REACH DIFFERING CONCLUSIONS AS TO THE DEFENDANT'S NEGLIGENCE AND AS TO THE PROXIMATE CAUSE OF PLAINTIFF'S INJURIES."
In motioning for summary judgment, the movant has the initial burden to show that there is no genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293. The nonmovant then has a reciprocal burden to show that there is a genuine issue for trial. Id. In order to affirm the grant of summary judgment, we must determine if reasonable minds could only find for the movant. Civ.R. 56 (C).
Appellant's brief does not contest the granting of summary judgment as to her negligent design and installation cause of action. Instead, appellant complains that there is a genuine issue of material fact with regards to whether the store was negligent for failing to properly warn her of the danger posed by the automatic door. She claims that a proper warning would have been a rug on the floor to indicate the door's path or a word from the cashier to warn her about the danger of an opening door.
A store has a duty to maintain its premises in a reasonably safe condition and to warn its customers about unreasonably dangerous latent conditions. Paschal v. Rite Aid Pharmacy (1985),18 Ohio St.3d 203. The duty to warn customers about unreasonable dangers is predicated upon the store's superior knowledge of the store's intricacies, such as concealed features. Raflo v.Losantiville Country Club (1973), 34 Ohio St.2d 1, 3-4.
However, a store is not an insurer of its customers' safety.Paschal, supra at 203. For instance, a store has no duty to post warnings about open and obvious dangers. Simmers v. BentleyConstr. Co. (1992), 64 Ohio St.3d 642, 644; Paschal,supra at 203 204; Sidle v. Humphrey (1968),13 Ohio St.2d 45, 48-49. The rationale is that the conspicuousness of the potential danger constitutes the warning. Simmers,supra at 644.
In the case at bar, appellant entered through the store's automatic door. The store's entrance and exit doors were separated by a railing and had stickers on both sides that said, "Enter" and "Do Not Enter," respectively. Appellant's husband set a large box next to the entrance door. The door was not concealed. Appellant moved into the path of the door to help her husband move the box to an appropriate place. Another customer entered causing the automatic door to hit appellant. Appellant had previously entered the store through this same door.
Appellant claims that because she was busy carrying her daughter into the store, she did not notice that the door was automatic. Nonetheless, appellant's failure to notice the nature of the door does not negate the obviousness of the existence of an automatic door. See Ingledue v. Village Plaza Sparkle. Inc.
(Jan. 22, 1998), Columbiana App. No. 96-CO-77, unreported, 3 (holding that "[w] here a hazard is not hidden from view, or concealed, and is discoverable by ordinary inspection, a trial court may properly sustain a motion for summary judgment made against a claimant")
Furthermore, even if the door had not been automatic, it was still obvious that an inward opening entrance door was present and that one should not place their head in the line of such a door.
Thus, we hold that reasonable minds can only come to a conclusion that the entrance door to the store was an open and obvious feature of the store, one which thereby requires no warning over and above the existing warning, "Do Not Enter." This is especially true since appellant had entered the store through that door a short time before and since appellant bent her head down into the door's path to pick up a box which was placed there by her husband. Contrary to appellant's assertion, the store clerk's failure to assist in moving the box that appellant's husband placed next to the door is not relevant to the issue of the store's negligence in failing to warn. As such, appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is affirmed.
Cox, P.J., concurs.
Waite, J., concurs.
APPROVED:
 ______________________________ JOSEPH J. VUKOVICH, JUDGE