This matter presents a timely appeal from a judgment rendered by the Columbiana County Common Pleas Court, granting the motion for summary judgment filed by defendant-appellee, Century Cargo Express Corp., against plaintiff-appellant, Dorn Johnson.
Appellant operated his own trucking company and entered into an agreement with appellee whereby he would use his own truck to haul trailers provided by appellee for a fee. (Tr. 20). On or about November 29, 1994, appellant picked up one such trailer on appellee's premises. (Tr. 64-65). As appellant inspected the trailer, he noticed that the trailer doors were closed improperly. (Tr. 66). He attempted to correct the situation by realigning the doors, but stumbled upon a small rock. (Tr. 89). In an attempt to regain his balance, appellant grabbed onto and slid his hand down the open trailer door. (Tr. 89). His hand was caught on a jagged metal part at the bottom of the door, causing a small splinter to enter his hand. (Tr. 89). Appellant was not concerned about the splinter, and did not obtain immediate medical attention. (Tr. 89).
After delivering the load, appellant felt discomfort in his injured hand. (Tr. 100). Appellant, who had not noted the curling metal of the trailer door in his inspection report, told appellee's dispatcher about the door's defect. (Tr. 98-99). The dispatcher then acknowledged the situation and told appellant about another load which needed hauled. (Tr. 98-99). Appellant agreed to haul this load. (Tr. 99).
As the pain in appellant's hand increased, he obtained medical treatment. (Tr. 107). The doctor indicated that the circulation in his hand was irregular, and would possibly need amputated. (Tr. 124). However, the doctor indicated he would try to prevent amputation, since appellant had his other hand amputated earlier in an unrelated incident. (Tr. 121). The doctor was able to save appellant's hand, but appellant no longer worked, as he stated that his hand injury prevented him from doing so. (Tr. 132). Appellant subsequently filed suit, claiming appellee was negligent in maintaining the trailer.
Appellee filed a motion for summary judgment, claiming that there was no genuine issue of material fact, and it was entitled to judgment as a matter of law. The trial court granted appellee's motion on February 12, 1998. This appeal followed.
Appellant's sole assignment of error alleges:
 "The trial court erred in granting defendant-appellee's motion for summary judgment."
Summary judgment is governed by Civ.R. 56 (C), which states, in pertinent part:
 "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
As set forth by the Ohio Supreme Court in Welco Industries,Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346:
 "Under Civ.R. 56, summary judgment is proper when `(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' * * * Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party."
The Ohio Supreme Court in Dresher v. Burt (1996), 75 Ohio St.3d 280, held that a moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56 (C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims.
The Ohio Supreme Court, in Dresher, supra, further held that once the moving party has met its initial burden, the nonmoving party must then produce any evidence for which such party bears the burden of production at trial. In determining whether a trial court has properly granted summary judgment, a court of appeals must conduct a de novo review of the record.Grafton v. Ohio Edison Company (1996), 77 Ohio St.3d 102.
Appellant contends that a genuine issue of material fact existed, thus summary judgment was inappropriate. Appellant first argues that it was the condition of the door which caused his injury, and not the small sliver of metal. He further argues that it was for the trier-of-fact to determine whether or not the door was unreasonably dangerous, thereby subjecting appellee to liability. Finally, appellant argues that he was unaware that expert testimony was necessary to demonstrate the door's unreasonably dangerous condition.
In Hilleary v. Bromley, et al. (1946), 146 Ohio St. 212. the Ohio Supreme Court held:
 "The legal rights and duties arising out of bailment are founded upon the contemplation of benefit accruing to one party or the other, or to both; and where both the bailor and bailee are benefited by the transaction, it becomes the bailor's duty to exercise ordinary care to make the chattel which is the subject of bailment safe for its intended purpose, or to inform the bailee of any unsafe condition in the chattel which it was the duty of the bailor, in the exercise of ordinary care, to discover."
In the present case a bailment relationship existed which benefitted both appellant and appellee. Therefore, appellee only owed appellant an ordinary duty of care. Hilleary, supra.
Furthermore, this situation is analogous to the ordinary duty of care to maintain a premises owed to an invitee. In Busse v. GrandFinale, Inc. (1981), 3 Ohio App.3d 65, 68, the court noted:
 "* * * the occupier of business premises has traditionally not been held to be an insurer of the safety of his customers while they are on the premises. * * *
 "Section 392 of 2 Restatement of Torts 2d applies the same duty of reasonable care to one who supplies chattels to another to be used for the supplier's business."
Additionally, in Pascal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 204, the Ohio Supreme Court held:
 "* * * a shopkeeper is under no duty to protect business invitees from dangers `which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'"
This ordinary care standard prevents the business owner from becoming an insurer of all defects. Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203. In Raflo v. Losantiville CountryClub (1973), 34 Ohio St.2d 1, 3, the Ohio Supreme Court noted:
 "Ordinarily, the owners of premises are liable to an invitee who, although using due care for his own safety, is injured by reason of an unsafe condition of the premises which is known to the owner-occupier but not to the invitee and which the owner-occupier has negligently suffered to exist. Englehardt V. Philipps (1939), 136 Ohio St. 73."
In the present case, it is noted that appellant has attempted to reclassify the defect from the small splinter of metal to the entire condition of the door. However, such a reclassification is incorrect as it contradicts appellant's deposition, where he stated:
 * * * there's an allegation that you sustained severe injuries when you lacerated your hand on a jagged piece of metal protruding from the rear door. Is that the way you would describe —
"* * *
"A. Yes.
"* * *
 "Q. The jagged piece that you're talking about, is that the piece that went into your hand?
"A. Yes.
"Q. That would be the four millimeter long piece?
"A. Yes.
"* * *
 "Q. But would it be fair to say that that [a metal splinter] is the condition of the rear trailer that you allege caused your injury, was the four millimeter piece of metal sticking out of the door?
 "A. Yes, I would say." (Dorn Johnson Depo., pg. 110-112)
Furthermore, appellant admitted that the splinter was small enough to be unnoticed, stating:
"Q. You didn't see the jagged pieces sticking out?
"A. No.
"Q. At least the piece that went into your hand.
 "A. I don't see how anybody would." (Dorn Johnson Depo., pg. 117).
Therefore, since the splinter was small, appellee did not have knowledge of the defect and cannot be liable. Raflo, supra.
Furthermore, defects of such a small nature do not generally subject one to liability. Helms v. American Legion, Inc. (1966),5 Ohio St.2d 60; Jones v. H. T. Enterprises (1993),88 Ohio App.3d 384.
Appellant's sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Vukovich, J, concurs.
Waite, J., concurs.
 APPROVED: ___________________________
EDWARD A. COX, PRESIDING JUDGE