DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Cheryl Westbrook appeals from the decision of the Lorain County Court of Common Pleas, which granted summary judgment to defendant Elden Properties. This court affirms.
 I.
On December 13, 1995, Cheryl Westbrook went to visit her son at his apartment located at 1444 West River Road, Elyria. The apartment building was owned and operated by defendant Elden Properties ("Elden"). Westbrook had visited the apartment between fifteen and twenty times in the past and was aware that the front door step was unusually high. Westbrook approached the front door to the apartment building, opened the door with her left hand, stepped onto the doorstep with her left foot, grabbed the right side of the door frame with her right hand, and then lost her footing and fell to the ground. Westbrook landed on her right ankle, resulting in a compound fracture of the ankle. Eventually three surgeries had to be performed on Westbrook's ankle.
On January 22, 1997, Westbrook filed suit against Elden, based on premises liability, asserting that Elden had breached its duty of care to her.[1] The evidence presented to the court below consisted of Westbrook's deposition testimony and the affidavits of architectural consultants hired by each side. In her deposition, Westbrook acknowledged that she was aware that the step was very high, and that she exercised care in entering the apartment building because of it. When asked if she tripped because of the step height or slipped because of ice or snow, Westbrook could not affirmatively say, but she believed that she tripped. Medical records from Westbrook's emergency room treatment on the day of the accident, which were introduced as evidence at the deposition, indicated that she told at least one of the treatment providers that she had slipped on ice. Westbrook submitted the affidavit of an architectural consultant, who averred that the step was eleven inches high, which is at least three inches higher than is permitted by code.
On May 28, 1998, Elden filed a motion for summary judgment, claiming that (1) there was no evidence in the record that Elden violated its duty of care, owed to Westbrook as the social guest of a tenant, to refrain from wanton and willful misconduct, and (2) Westbrook acknowledged that the condition of the step was open and obvious. On November 4, 1998, the trial court granted summary judgment to Elden, on the basis that Westbrook had "failed to show that Defendant breached any duty owed to her, i.e. to refrain from wantonly or wilfully [sic] causing injury."
Westbrook now appeals, and she makes two assignments of error, which we have rearranged for ease of discussion.
 II. Summary Judgment
As a preliminary matter, this court must note that the trial court's journal entry granting summary judgment appears to have imposed on Westbrook an erroneous standard. The court's journal entry says, "the evidence presented by the Plaintiff has failed to show that the Defendant breached any duty owed to her, i.e. to refrain from wantonly or wilfully [sic] causing injury."
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996),75 Ohio St.3d 280, 292. If the movant meets this burden, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id. at 293.
An appellate court reviews an award of summary judgment denovo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Like the trial court, the appellate court must view the facts in the case in the light most favorable to the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. Any doubt must be resolved in favor of the non-moving party. Id.
In order to prevail on her claim, Westbrook was required to prove (1) that the defendant owed a duty of care to her, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused her injury. Chambers v. St. Mary's School
(1998), 82 Ohio St.3d 563, 565. However, assuming that Elden had met its burden in moving for summary judgment, Westbrook could defeat summary judgment by showing that there were genuine issues of material fact about each of the essential elements of her case. See Dresher, 75 Ohio St.3d at 292-293. Thus, Westbrook had to show only that there was a genuine issue of material fact as to whether Elden had breached the duty of care it owed to her. She did not have to show that Elden had breached its duty.
For the reasons discussed below, we find that Elden met its burden of demonstrating that there were no genuine issues of material fact as to essential elements of Westbrook's claim, and that Westbrook did not meet her responsive burden "outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial." Id. at 293. Thus, although the trial court imposed an erroneous burden on Westbrook, the grant of summary judgment was appropriate.
 III. ASSIGNMENT OF ERROR NO. 2
THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT PLAINTIFF FAILED TO SHOW THE DEFENDANT FAILED TO REFRAIN FROM "WANTONLY OR WILLFULLY CAUSING INJURY."
In Ohio, the duty of care owed by a landowner to a person injured on his property depends upon the status of the visitor, that is, whether the person is a trespasser, licensee, or invitee. See, generally, Shump v. First Continental-Robinwood Assoc. (1994),71 Ohio St.3d 414, 417-418. "A landowner owes a duty to an invitee to exercise ordinary care for the invitee's safety and protection. Conversely, a landowner owes no duty to a licensee or trespasser except to refrain from willful, wanton or reckless conduct which is likely to injure him." (Citations omitted.) Gladon v. GreaterCleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312, 317.
Westbrook's second assignment of error states that the trial court erroneously concluded that Elden owed Westbrook only a duty to refrain from wanton and willful misconduct, and therefore the trial court incorrectly granted summary judgment on this basis. Westbrook supports this contention by citing to the Ohio Supreme Court's decision in Shump, 71 Ohio St.3d 414. In Shump, the plaintiff represented a decedent, a social guest of the tenant, who succumbed to smoke inhalation allegedly due to the landlord's failure to properly install a smoke detector in the apartment, in violation of a city ordinance. Id. at 415. The Supreme Court held that a "landlord owes the same duties to persons lawfully upon the leased premises as the landlord owes to the tenant."Id., at syllabus. In so holding, the Court found that as to the leased premises, a social guest of the tenant stands in the stead of the tenant, and the landlord owes the same duty to the social guest of the tenant which he owes to the tenant, namely a duty of ordinary care. Id. at 419-420.
However, this court has declined to extend the Shump holding to cases involving injuries suffered from a mishap occurring in a common area. See Sanders v. Bellevue Manor Apts. (Jan. 3, 1996), Lorain App. No. 95CA006067, unreported, at 5; Rios v. Shauck (June 3, 1998), Lorain App. No. 97CA006753, unreported, at 3-4. In those cases, we pointed out that as to common areas, the common law duty of care toward a licensee still applies, namely that the landlord will refrain from wanton and willful misconduct. Westbrook has offered no compelling reason why this court should change its position on this issue. We find that the trial court assigned to the defendant the appropriate duty of care, namely to refrain from wanton and willful misconduct. Westbrook's second assignment of error is overruled.
 IV. ASSIGNMENT OF ERROR NO. 1
THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT IN THAT WHETHER THE DEFENDANT BREACHED ITS DUTY OF CARE OWED TO PLAINTIFF/APPELLANT IS A QUESTION OF FACT FOR JURY DETERMINATION.
Having established that Elden owed Westbrook a duty of care to refrain from wanton and willful misconduct, we now decide whether Elden was entitled to summary judgment. The trial court was obliged to view the facts in the light most favorable to Westbrook. The trial court could appropriately grant summary judgment only if it found that reasonable minds could come to but one conclusion, that in favor of Elden.
Westbrook's own deposition testimony, and the medical records introduced at the deposition, created some uncertainty about whether she fell because she tripped over the high step or because she slipped on ice or snow. Even assuming that her fall was caused by her tripping due to the stair's proscribed height, this court nonetheless finds that reasonable minds could come to but one conclusion, that in favor of Elden.
The parties both agreed that the step was at least ten inches high, which Westbrook claims was several inches higher than permitted by Ohio Adm. Code 4101:2-10-14. However, the parties disputed whether the step was constructed at such a height or whether the surrounding sidewalk had settled, thus creating the excessive height from the sidewalk to the riser. In the first scenario, Elden, as the builder of the property, would be presumed to have notice of the defective condition. See Crane v. LakewoodHospital (1995), 103 Ohio App.3d 129, 136, citing Presley v.Norwood (1973), 36 Ohio St.2d 29, 31. In the second scenario, notice could not be presumed, but Westbrook would have to establish that Elden had actual notice of the problem. Presley,36 Ohio St.2d at 31.
In its motion for summary judgment, Elden contended that the defect in the step was not a construction defect, and that Westbrook needed to establish that Elden had notice of the problem, which she failed to do. In an affidavit filed with the summary judgment motion, Elden's general partner, John Elden, Jr., averred that he did not have notice of any problem with the step. Westbrook testified that she did not notify Elden of the problem, although she knew about it, and she could not say whether others had notified Elden about the step. Elden's summary judgment motion also pointed out that Westbrook admitted that the problem was open and obvious, thus relieving Elden of liability. On appeal, Westbrook asserts that because the parties disputed the cause of the defect, and the concomitant issue of notice, summary judgment was inappropriate. However, this issue is rendered moot by Westbrook's admission in her deposition testimony that she had actual prior knowledge of the defective step.
The Ohio Supreme Court has stated that even when a defendant landowner admits to having violated a statute in constructing the property in question, he will not be found liable where the plaintiff had prior knowledge of the defective condition that caused the injury. Raflo v. The Losantiville Country Club (1973),34 Ohio St.2d 1. "[A]n invitee with knowledge of such a defect traverses it at his peril." Id. at 4. This court has also held that even when a landowner owes a duty of ordinary care, he is not required to protect persons from dangers that are already known to them. Sanders v. Bellevue Manor Apts. (Jan. 3, 1996), Lorain App. No. 95CA006067, unreported, at 6, citing Paschal v. Rite AidPharmacy Inc. (1985), 18 Ohio St.3d 203, 203-204.
Westbrook testified that she knew about the problem with the step, as she had visited the property on at least fifteen prior occasions. As a matter of law, such prior knowledge on the part of the injured party relieves the landowner from liability for the resultant injury. On this basis, a grant of summary judgment in favor of Elden was appropriate. Thus, Westbrook's first assignment of error is not well taken and it is overruled.
 V.
Although the trial court erroneously required Westbrook to show breach of duty in order to withstand summary judgment, our denovo review finds that summary judgment in favor of Elden Properties was appropriate.
Viewing the facts in the light most favorable to Westbrook, this court finds that Elden was entitled to summary judgment because Westbrook possessed prior knowledge of the defective condition that she claims caused her injury. Therefore, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________ WILLIAM R. BAIRD
FOR THE COURT CARR, J.
BATCHELDER, J. CONCUR
[1] Westbrook's initial complaint incorrectly listed the address as 1452 West River Road. Apparently this was the address of a similar apartment building owed by Elden. Elden hired an architectural consultant to examine the front step at that location, and the consultant determined that the step was excessively high due to settling of the surrounding sidewalk over time. Upon discovering that an incorrect address was listed in the complaint, Westbrook sought leave to amend the complaint. The court granted Westbrook leave to amend the complaint, after Elden filed its motion for summary judgment, which was based in part on its examination of the incorrect property. When Westbrook filed her motion in opposition to summary judgment, she attached the affidavit of an architectural consultant. Westbrook's consultant averred that there was no settling, but that the step had been built eleven inches high, in violation of Ohio Basic Building Code Standards. The architect stated that the maximum height allowed by law is seven inches. There is no substantial dispute between the parties about the actual height of the step. We note in passing that Westbrook's affiant did not aver that the statements contained in the affidavit were based on personal knowledge, as required by Civ.R. 56(E). It is not clear from the affidavit that Westbrook's affiant actually saw or measured the step herself. One of the issues before the trial court was whether Westbrook needed to establish that Elden had actual notice of the problematic condition, or whether notice was presumed because Elden had constructed the step at an excessive height.