OPINION
Plaintiff-appellant Kristin L. Dota filed an appeal from the Mahoning County Common Pleas Court's decision to grant a directed verdict in favor of defendant-appellee CTW Development Corp. For the following reasons, the trial court's judgment is affirmed.
 STATEMENT OF THE CASE
Appellant's employer leased office space from appellee. In November 1995, appellee hired Contec Concrete to construct a walkway at the side entrance to its building. During the work, part of the blacktop parking lot was disturbed leaving a space between the concrete walkway and the parking lot which was to be repaired by a blacktop agency. Appellant traversed the sidewalk every day and was aware that the space existed. On November 13, 1995, appellant was leaving her place of employment when she fell at the space where the concrete and blacktop were to meet.
In January 1997, appellant filed suit against appellee and Contec. The case went to trial in June 1999. At the close of the plaintiff's case, both defendants unsuccessfully sought directed verdict. At the close of all evidence, these directed verdict motions were renewed. The court sustained appellee's motion for a directed verdict based on the doctrine that precludes landowner liability where the plaintiff knew of the danger or where the danger was open and obvious. Although Contec's motion was denied, the jury returned a verdict in its favor. Thereafter, appellant filed notice of appeal regarding the directed verdict for appellee; appellant did not appeal the jury verdict for Contec.
 STANDARD OF REVIEW
When a motion for directed verdict is filed, the court is faced with the legal question of whether sufficient evidence has been presented to submit the case to a jury. Wagner v. Midwestern Indem. Co. (1998),83 Ohio St.3d 287, 294. In order to grant a motion for directed verdict, the court must construe the evidence in the light most favorable to the nonmovant and find that reasonable minds could only come to a conclusion that is adverse to the nonmovant on a determinative issue. Civ.R. 50(A)(4).
 THE OPEN AND OBVIOUS DOCTRINE
The rule relieving a defendant from premises liability resulting from open and obvious dangers is a legal doctrine that has developed in suits against property owners by persons who are injured on the property.Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644. This doctrine provides that a property owner owes no duty to warn those entering the property of dangers that are open and obvious. Id. The landowner's duty to an entrant is negated by the entrant's duty of self-protection from open and obvious dangers. Id. A danger is open and obvious where, for instance, the entrant has actual knowledge of the dangerous condition; knowledge can also be implied upon a showing of prior exposure. See, e.g., Raflo v. Losantiville Country Club (1973),34 Ohio St.2d 1, 3-4; Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 48. Thus, where it is admitted that the landowner and the entrant have equal knowledge of a dangerous condition, the condition is open and obvious and the landowner's duty to the entrant is negated. Id. See, also, Vantellv. C K Petroleum Prods. (Dec. 16, 1998), Columbiana App. No. 97CO29, unreported. As such, appellant does not contest that the space in the concrete was open and obvious as a result of its character and her knowledge of the condition. Instead, she contends that the open and obvious doctrine is inapplicable and presents a pure question of law.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error provides as follows:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT SUSTAINED CTW CORPORATION'S MOTION FOR DIRECTED VERDICT UNDER THE OPEN AND OBVIOUS DOCTRINE, THUS COMPLETELY BARRING APPELLANT'S NEGLIGENCE CLAIM, AFTER IT HAD BEEN ALLEGED AND DEMONSTRATED THAT CTW CORPORATION WAS THE LANDLORD OF THE PROPERTY WHERE THE ACCIDENT OCCURRED AND THAT THEY COMMITTED NEGLIGENCE PER S.E. BY FAILING TO MAINTAIN THEIR PROPERTY IN COMPLIANCE WITH R.C. 5321.04 (A), THUS, IMPROPERLY REMOVING THE ISSUE OF COMPARATIVE NEGLIGENCE FROM THE JURY."
Appellant argues that the open and obvious doctrine does not apply because appellee's lack of action constituted negligence per se. According to this argument, because negligence per se establishes duty and breach, the doctrine of open and obvious cannot be used to negate duty. In order to establish negligence per se, appellant cites to the part of the Landlords and Tenants Act which is set forth in R.C.5321.04(A)(1-3) and a Supreme Court case which states that violation of this statute is negligence per se. See Shroades v. Rental Homes (1981),68 Ohio St.2d 20.[1]
As appellee points out, appellant failed to raise a negligence per se
argument in the trial court. As the reviewing court, we need not consider questions that were not presented to the court whose judgment is sought to be reviewed. State ex rel. BSW Dev. Group v. Dayton (1998),83 Ohio St.3d 338, 345; State ex rel. Phelps v. Columbiana CountyCommrs. (1998), 125 Ohio App.3d 414, 426 (stating that failure to raise an issue at trial level constitutes waiver of the issue for purposes of appeal), citing Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41,43.
Moreover, R.C. 5321.04 does not apply to commercial premises. Hendrixv. Eighth Walnut Corp. (1982), 1 Ohio St.3d 205, 208 (stating that the relationship between the commercial lessor and lessee is not regulated by Chapter 5321, which is the Landlords and Tenants Act). Rather, the statute only applies to the rental of residential premises. R.C.5321.01(A), (B) and (C) (specifically defining how Chapter 5321 applies to residential premises); Shroades, 68 Ohio St.3d at 21-22, 25 (stating that the purpose of Chapter 5321 is to protect tenants of rented residential premises).
Since the statute is inapplicable to commercial landlords, appellee did not violate a statutory duty. Because there is no statutory violation, there is no negligence per se. See Sikora v. Wenzel (2000),88 Ohio St.3d 493, 496 (stating that negligence per se exists when there is violation of a statutory section that provides a positive and definite standard of care). Thus, this court must overrule appellant's argument that the open and obvious doctrine is inapplicable due to the existence of negligence per se. Accordingly, appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Cox, P.J., concurs, Waite, J., concurs.
[1] Appellant's brief mentions that appellee contracted with appellant's employer to keep the premises safe in a lease agreement. Nonetheless, a trial transcript has not been submitted which would substantiate this fact. Moreover, appellant's sole assignment of error does not allude to an argument with regards to a contractual duty as required by App.R. 12(A)(2) and App.R. 16 (A)(3) and (7). Additionally, as aforementioned, appellant does not take issue on appeal with the trial court's characterization of the condition as open and obvious.