OPINION
Plaintiff-appellant, Danella Angel, appeals a decision of the Warren County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, the Kroger Company, et al. We affirm the decision of the trial court.
Between 9:00 and 10:00 p.m. on February 6, 1998, appellant drove to the Kroger grocery store on State Route 73, in Springboro, Ohio. She had shopped at this particular store for approximately ten years and had been there "hundreds" of times. She was aware that the entire parking lot was on an incline, sloping downward toward the store. As she usually did, she parked in the first available spot after the designated handicapped parking spaces. This space was about ten feet from a "cart corral" installed within the parking lane. It had recently snowed, and in clearing the parking lot, the snow had been piled into a parking space near the corral and two spaces up from appellant's car. On this particular evening the temperature was near forty degrees and the snow had begun to melt. The area was well lit and appellant was very familiar with the parking lot.
Appellant exited and walked towards the rear of the vehicle. As she rounded the rear of her van, she slipped, fell against the van striking her left cheek and shoulder, and landed on the ground. Before getting up, she observed that she had stepped into a stream of water approximately one foot wide and one-half inch deep. The water was of such volume that, while on the ground, she could hear it running past her. The water was originating from the cart corral where it was dripping off of the carts within the corral, as well as the corral itself, past her vehicle, to a drain in the parking lot closer to the store. As well, she observed chunks of ice in the stream of water. Although looking at the ground as she walked, she had not observed the stream of water, and in fact, thought that the pavement was dry. She reported the incident to a Kroger staff member, and sought medical treatment the next day.
Appellant subsequently filed suit against appellees seeking compensation for her injuries. Appellees filed a motion for summary judgment which was granted by the trial court. Appellant appeals, raising a single assignment of error, in which she contends that the trial court erred by granting appellees' motion for summary judgment. Specifically, appellant argues that the trial court erred by finding that the open and obvious doctrine is a complete bar to her recovery.
Pursuant to Civ.R. 56(C), a court may grant summary judgment where there is no genuine issue as to any material fact. Summary judgment is appropriate where reasonable minds can come to only one conclusion, which is adverse to the party against whom the motion is made. WelcoIndustries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. An issue of fact exists when the relevant factual allegations in the pleadings, affidavits, depositions or interrogatories are in conflict.Link v. Leadworks Corp. (1992), 70 Ohio App.3d 735, 741. A dispute of fact is "material" if it affects the outcome of the litigation, and is "genuine" if demonstrated by substantial evidence going beyond the allegations of the complaint. Burkes v. Stidham (1995),107 Ohio App.3d 363, 371.
In deciding whether there is a genuine issue of material fact, the evidence must be construed in the nonmoving party's favor. Hannah v.Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 485. As well, "the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion."Id., citing Turner v. Turner (1993), 67 Ohio St.3d 337. An appellate court must conduct a de novo review of the record to determine if summary judgment was appropriate. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440,444.
To avoid summary judgment in a negligence action, the plaintiff must show: (1) the defendant owed her a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77.
It is undisputed that appellant was a business invitee for all purposes pertinent to this appeal. An owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203 . An owner is under no duty, however, to protect a person from known dangers or dangers which are so obvious and apparent that the person should reasonably be expected to discover them and protect himself from them. Id. at 203-204; see, also, Raflo v.Losantiville Country Club (1973), 34 Ohio St.2d 1, 4. The rationale behind this doctrine is that the open and obvious nature of the hazard itself serves as a warning and allows the owner to reasonably expect others to discover the danger and take appropriate actions necessary to protect themselves. Simmers v. Bently Constr. Co. (1992),64 Ohio St.3d 642, 644.
However, appellant argues, based on the Ohio Supreme Court's decision in Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1996),81 Ohio St.3d 677, that the open and obvious doctrine has been "essentially discarded in negligence cases where the comparative negligence of the plaintiff is claimed to be the proximate cause of the plaintiff's injuries."
Appellant's precise argument was recently rejected by this court. SeeYahle v. Historic Slumber Ltd. (Nov. 19, 2001), Clinton App. No. CA2001-04-015, unreported. In Yahle, this court held that "the open and obvious doctrine is not inconsistent with comparative negligence principles and the Ohio Supreme Court's decision in the Texler case."Id. at 7, citations omitted. This court observed that:
 The question of comparative negligence is never reached if a court determines that a landowner has no duty. * * * It is important for courts to distinguish between a defendant's duty of care and a plaintiff's contributory negligence because issues of comparative negligence are for the trier of fact unless the evidence is so compelling that reasonable minds can only come to one conclusion. * * * On the other hand, the existence of duty in a negligence action is a question of law for the court to determine.
Id. at 7-8 (citations omitted). Accordingly, we will first examine the facts of the present case to determine whether the stream of running water in the parking lot was an open and obvious danger, obviating appellee's duty of care.
The evidence demonstrates that appellant was in a well-lit parking lot that she frequented on a weekly basis for a number of years. She had been there on many occasions during all seasons. Appellant positioned herself on a downward grade, between the cart corral and a pile of snow, and the drain at the bottom of the incline. Appellant was aware that the temperature was above freezing and that the accumulated snow was melting all around her. The stream of water that she encountered was one foot wide and one-half inch deep, and moving rapidly enough to produce gurgling noises. Considering this evidence, reasonable minds can only conclude that the condition which caused appellant's fall was open and obvious.
We find that the running stream of water was an open and obvious condition from which appellant should have taken measures to protect herself. The open and obvious nature of the water obviated appellees' duty to appellant. See Yahle, Clinton App. No. CA2001-04-015, unreported, at 8. Because appellant has failed to establish the duty element of her negligence action, summary judgment was properly granted to appellees by the trial court. See id. The assignment of error is overruled.
Judgment affirmed.
POWELL and YOUNG, JJ., concur.