OPINION.
{¶ 1} Plaintiffs-appellants Christie M. Leake, a minor, and Margrethe Elliot Rose, her mother (collectively referred to as the Leakes) appeal from the Mahoning County Common Pleas Court's grant of summary judgment for defendant-appellee Valley Sports, Ltd. The issue facing this court is whether the trial court erred in granting summary judgment by holding that the owner of a business owes no duty to an invitee relative to a danger that is open and obvious. For the reasons stated below, the decision of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} In February 1999, Christie and her family went to Valley Sports in Mahoning County, Ohio to watch her brother play soccer. (Christie Depo. 11). Valley Sports has an indoor soccer field with one set of bleachers on the side of the field. Christie watched the majority of the soccer game standing beside the soccer field, however, with about 10 to 15 minutes left in the game, Christie decided to watch the remainder of the game from the bleachers. (Christie Depo. 14-16). Christie ascended a staircase of about 12 or 13 steps to get to the bleachers. (Christie Depo. 17). At the top of the staircase, Christie noticed a spilled brown liquid, presumably pop, on the step. (Christie Depo. 18-19). About 10 to 15 minutes later when the game was about to end, Christie descended the staircase. (Christie Depo. 23). Upon her descent, Christie slipped on the spilled liquid and sustained injuries. (Christie Depo. 24-25). Christie admits that she had knowledge of the spilled liquid and that she was careful walking down the steps because of this spilled liquid; she stated that she used the handrail and watched where she was stepping. (Christie Depo. 23-24).
 {¶ 3} As a result of the injuries, the Leakes filed suit against Valley Sports. After depositions, Valley Sports filed a motion for summary judgment which the trial court granted. The Leakes timely appeal raising two assignments of error.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 4} "The trial court erred in holding as a matter of law that a premises owner owes no duty to invitees to warn of or protect against an open and obvious danger which exists on the premises."
 {¶ 5} An appellate court reviews a trial court's decision to grant summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,1996-Ohio-336. Summary judgment is properly granted when: 1) no genuine issues as to any material fact exists; 2) the moving party is entitled to judgment as a matter of law; and 3) reasonable minds can only come to one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. The evidence must be viewed in the light most favorable to the nonmoving party. Id.
 {¶ 6} Under this first assignment of error, the Leakes argue that the open-and-obvious doctrine has been limited by the enactment of the comparative negligence statute. The Leakes acknowledge that prior to comparative negligence, the open-and-obvious doctrine constituted an absolute bar to recovery by relieving the property owner of any duty to protect the invitee. However, relying on case law from the First and Eighth Appellate Districts, the Leakes insist that since the enactment of the comparative negligence standards in Ohio, the open-and-obvious doctrine is no longer applicable to the element of duty, but rather is applicable to the element of causation. Schindler v. Gale's SuperiorSupermarket, Inc. (2001), 142 Ohio App.3d 146, 153; McGowan v. St.Antoninus Church (Apr. 6, 2001), 1st Dist. No. C-000488.
 {¶ 7} The open-and-obvious doctrine states that a premises-owner owes no duty to persons entering those premises regarding dangers that are open-and-obvious. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. After the enactment of the comparative negligence standards in Ohio, some appellate districts began analyzing the open-and-obvious doctrine in terms of causation rather than in terms of duty. Schindler, 142 Ohio App.3d at 153. Under a causation analysis, the obviousness of the hazard is one factor to be taken into account in determining a plaintiff's comparative negligence. Id. But other appellate districts maintained that the open-and-obvious doctrine applied to duty and, as such, if a hazard was open-and-obvious the plaintiff was barred from recovery as there was no duty to warn of an obvious hazard. Steinerv. Ganley Toyota-Mercedes Benz, 9th Dist. No. 20767, 2002-Ohio-2326; Kirkv. Scioto Downs (Feb. 22, 2001), 10th Dist. No. 00AP-1087; Grigsby v.Sooy, 12th Dist. No. CA2002-01-001, 2002-Ohio-3601. Due to the split among the districts, the conflict was certified to the Ohio Supreme Court in Armstrong v. Best Buy, 99 Ohio St.3d 79, 2003-Ohio-2573. In accordance with that conflict, we sua sponte held this case in abeyance pending the decision in Armstrong.
 {¶ 8} In early June, the Ohio Supreme Court released the decision in Armstrong. The Court held that: "The open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises. Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, approved and followed." Armstrong, 99 Ohio St.3d 79, syllabus and ¶ 14. The Court explained that "when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty." Id. at ¶ 13. "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Id. Therefore, given the Armstrong holding and reasoning, the Leakes' argument that the open-and-obvious doctrine applies to causation rather than duty fails.
 {¶ 9} Accordingly, since the open-and-obvious doctrine is viable in Ohio, we turn our analysis to the facts of the case at hand. Christie admitted in her deposition that she noticed the spilled liquid when she was ascending the stairs, and due to this knowledge she was careful, watching where she was stepping when she walked down the stairs. Therefore, Christie had actual knowledge of the condition and she appreciated the danger. Her prior exposure to and knowledge of the condition, renders the danger open-and-obvious. Raflo v. LosantibilleCounty Club (1973), 34 Ohio St.2d 1, 3-4; Sherred v. Estate of Koon, 10th Dist. No. 02AP-325, 2002-Ohio-6562 (pre-existing knowledge negates any duty on part of owner to warn invitee); Dota v. CTW Development Corp., 7th Dist. No. 99CA191, 2001-Ohio-3153. This assignment of error lacks merit.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 10} "The trial court erred in holding that no genuine issue of material fact exists and that as a matter of law appellee Valley Sports LTD. is not liable under a premises liability theory."
 {¶ 11} In order for an invitee to recover damages from a slip and fall case, she must establish one of the following elements:
 {¶ 12} "1. That the defendant through its officers or employees were responsible for the hazard complained of; or
 {¶ 13} "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 {¶ 14} "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Combs v.First Natl. Supermarkets, Inc. (1995), 105 Ohio App.3d 27, 29, citingJohnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, 589.
 {¶ 15} The Leakes argue that the trial court erroneously held that they could not establish any one of these elements. The Leakes insist that a genuine issue of material fact exists as to the third element, i.e. the length of time the liquid remained on the steps.
 {¶ 16} Despite the Leakes contention, their argument fails. Establishing any one of the above three referenced elements indicates that the owner of the premises breached the duty of ordinary care. Baloghv. Goldstein Properties (May 11, 2000), 8th App. No. 76196. Our holding under assignment of error number one that Valley Sports owed no duty to the Leakes renders any argument about breach moot since a person cannot breach a duty he does not owe. This assignment of error is without merit.
 {¶ 17} For the foregoing reasons, the decision of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and DeGenaro, J., concur.