{¶ 34} I would affirm the decision of the court below, affirming the grant of summary judgment in favor of Ritondaro Funeral Home.
 {¶ 35} In the present case, appellant, Lewis, spent five to ten minutes ascending five steps to enter the Ritondaro Funeral Home. She exited the building by descending the same flight of steps. At the fourth step from the top, Lewis "felt an unusual gap" and fell, thereby breaking her ankle.
 {¶ 36} The Ohio Supreme Court has stated: "One who enters a building by traversing a step described as `abnormally high,' is charged with knowledge of the presence of that abnormality upon exiting * * *."Raflo v. Losantiville Country Club (1973), 34 Ohio St.2d 1, at paragraph two of the syllabus; accord Maky v. Patterson, Inc. (July 5, 1996), 11th Dist. No. 96-G-1962, 1996 Ohio App. LEXIS 3002, at *8. The Supreme Court in Raflo further held: "One who upon entering a building traverses a step, the height of which is proscribed by the state building code, cannot maintain that the hazard was so insubstantial as to go unnoticed at that time, yet was unreasonably dangerous, hence actionable, when it occasioned her fall upon leaving the building." Id. at paragraph one of the syllabus.
 {¶ 37} Despite the Supreme Court's holding, the majority holds that Lewis cannot be charged with knowledge of the "unusual gap," as a matter of law, because "the steps were covered in indoor/outdoor carpeting" which "made it difficult to differentiate the beginning and ending of each step."
 {¶ 38} It is well-established that attendant circumstances, such as dim lighting, lack of color contrast between steps, or the absence of a handrail, do not create an exception to the Raflo rule. The reason is that these purportedly aggravating circumstances serve as a warning to the pedestrian that greater care is required. Kornowski v. ChesterProperties, Inc. (June 30, 2000), 11th Dist. No. 99-G-2221, 2000 Ohio App. LEXIS 3001, at *12-*15 (lack of color contrast); Early v. Damon'sRestaurant, 10th Dist. No. 05AP-1342, 2006-Ohio-3311, at ¶ 16 (lack of handrail); Souther v. Preble Cty. Dist. Library, 12th Dist. No. CA2005-04-006, 2006-Ohio-1893, at ¶ 38 (lack of color contrast);Nelson v. Sound Health Alternatives Internatl., Inc., 4th Dist. No. 01CA24, 2001-Ohio-2571, 2001 Ohio App. LEXIS 4147, at *25 (lack of color contrast and handrail between steps).
 {¶ 39} In the present case, if the lack of color contrast made if difficult for Lewis to discern the "unusual gap" in the steps, she was put on notice of this danger during the five to ten minutes it took her to ascend these five steps.
 {¶ 40} For the foregoing reasons, I respectfully dissent.