HENSAL, P.J., DISSENTING.
 

 {¶ 32} The trial court correctly granted summary judgment to the Township. I, therefore, respectfully dissent.
 

 {¶ 33} The open and obvious doctrine applies when a condition is "so obvious that it absolves the property owner from taking any further action to protect the plaintiff."
 
 Armstrong v. Best Buy Co., Inc.
 
 ,
 
 99 Ohio St.3d 79
 
 ,
 
 2003-Ohio-2573
 
 ,
 
 788 N.E.2d 1088
 
 , ¶ 13. If the plaintiff is actually aware of an unsafe condition on premises, however, the similar "known peril" doctrine applies.
 
 Raflo v. Losantiville Country Club
 
 ,
 
 34 Ohio St.2d 1
 
 , 4,
 
 295 N.E.2d 202
 
 (1973) (identifying doctrine). According to the Ohio Supreme Court, "where there is danger, and the peril is known, whoever encounters it, voluntarily and unnecessarily, can not be regarded as exercising ordinary prudence, and therefore does so at his own risk."
 
 Schaefler v. City of Sandusky
 
 ,
 
 33 Ohio St. 246
 
 , 249 (1877) ;
 
 see also
 

 Grossnickle v. Village of Germantown
 
 ,
 
 3 Ohio St.2d 96
 
 , 103,
 
 209 N.E.2d 442
 
 (1965) ("[O]ne who assumes, voluntarily, a known hazard, must accept the consequences even though he may have exercised the utmost care.").
 

 {¶ 34} Mr. McQuown admitted that the metal rod has been on his property since 1998. The fact that he may have forgotten about its existence or that it was covered by leaves on the day of his fall does not prevent the application of the known peril doctrine.
 
 Raflo
 
 at 3,
 
 295 N.E.2d 202
 
 ("[T]he plaintiff's failure to avoid a known peril is not excused by the fact that he 'did not think,' or 'forgot.' "). Accordingly, this Court should overrule Mr. McQuown's second and third assignments of error on their merits, it should overrule his first assignment of error as moot, and it should affirm the judgment of the trial court.